**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
**www.flsb.uscourts.gov**

In re

JEFFREY MARK GALLUPS,

    Debtor

_____/

Case No. 24-12653-SMG

Chapter 13

**EMERGENCY HEARING REQUESTED[1]**

**EMERGENCY MOTION FOR ORDER (1) CONFIRMING SALE OF NONDEBTOR BUSINESS ENTITIES' ASSETS IS NOT STAYED; AND (2) DISMISSING CASE**

S. Gregory Hays, solely in his capacity as Receiver ("Receiver"), appointed pursuant to the August 16, 2023, *Order Compelling Compliance, Appointing Receiver, and Granting Injunctive Relief* (the "Receivership Order") of the Superior Court of Fulton County, Georgia (the "Superior Court"), moves the Court pursuant to 11 U.S.C. §§ 105, 362, and 1307(c) for the entry of an order (1) Confirming that the automatic stay does not stay the Receiver's sale of assets of nondebtor business entities and (2) dismissing this bankruptcy case on the grounds that this case was not filed in good faith.

**I. INTRODUCTION**

The Receiver, under the authority of the Superior Court, is engaged in the

---

[1] Counsel's *Statement and Certificate Pursuant to Local Rule 9075-1* is included at the end of this Motion.

sale of certain real property in which Debtor Jeffrey Mark Gallups ("Debtor") may have an interest, and the sale of assets of nondebtor business entities. Debtor filed this bankruptcy case under Chapter 13 without any possibility of a successful reorganization and to cause further delay to the Receiver and the creditors who are relying on the Receiver's sales and other actions.

Adequate cause exists to justify the relief the Receiver is requesting by this Motion. For the protection and benefit of the Receivership Estate and to avoid further and unnecessary delay, the Receiver respectfully requests that the Court hear this Motion on an expedited basis and grant the relief requested by this Motion.

## II. JURISDICTION AND STATUTORY PREDICATES

1. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. § 1334(b). The motion is a core proceeding pursuant to 28 U.S.C. § 157(b) and a contested matter under Fed. R. Bankr. P. 9014.

2. The statutory predicates for the relief requested herein are 11 U.S.C. §§ 105, 1307 and 362; and Fed. R. Bankr. P. 4001

## III. BACKGROUND AND PROCEDURAL HISTORY

**The Receivership**

3. The Superior Court entered the Receivership Order on August 16, 2023, appointing the Receiver and placing Debtor, individually, and Business entities

identified therein as the "Affiliated Entities"[2] in receivership. A copy of the Receivership Order is attached as Exhibit "A" to this Motion.

4. For further background, the Receiver is attaching a copy of his *Receiver's Second Interim Report* as Exhibit "B" to this Motion.

5. The Receiver anticipates that Debtor's bankruptcy filing was motivated by: (i) the Receiver's scheduled auction of Debtor's real property located at 205 Hendricks Isle, Ft. Lauderdale, Florida 33301 (the "Florida Property"); (ii) the Receiver's sale of assets of the Affiliated Entities; and/or (iii) the Receiver's inquiry into personal property items that are missing from the Florida Property and Debtor's desire to avoid being found in contempt by the Superior Court for the second time in six (6) months.

**The Receiver's Sale of Assets of Affiliated Entities**

6. A primary objective of the Receiver is to sell the business of the Affiliated Entities (the "Business") or the assets of the Business to satisfy in part Debtor's payment obligations of alimony to his former wife, Dr. Nancy Jennings, trade creditors, secured creditors, and other obligations of Debtor and the Business.

---

[2] The Affiliated Entities are identified in the Receivership Order as: Milton Hall Surgical Associates, LLC, Alpharetta Surgery Center, LLC, ENTI Surgery Center, LLC, HCENTI, LLC, ENTI Anesthesia, LLC, Milton Hall Management, LLC, MHSA Management, LLC, Milton Hall Trust, Nutmeg Management LLC, Marble Management, LLC, DRG Media, LLC, all other operating entities, holding companies, debt arrangements, voting trusts, or other trusts or entities of any kind, known or unknown, directly or indirectly controlled by Debtor or Melissa Moritz ("Moritz").

7. On March 14, 2024, the Superior Court entered its *Order Granting Receiver's Emergency Motion for Approval and Authorization of (1) Sale of Assets of the Receivership Estate and (2) Bridge Loan Financing* (the "Sale Order") approving the sale of certain assets of the Affiliated Entities (the "Business Asset Sale"). A copy of the Sale Order is attached as Exhibit "C" to this Motion.

8. The Purchaser under the Sale Order is continuing with its due diligence and anticipates closing on the Business Asset Sale within the next 30 to 60 days.

**The Florida Property**

9. On October 12, 2023, the Superior Court entered its *Order on Debtor's Compliance to Purge Contempt* (the "Contempt Purge Order"). A copy of the Contempt Purge Order is attached as Exhibit "D" to this Motion.

10. By the Contempt Purge Order, Debtor agreed to surrender the Florida Property to the Receiver to be sold to cover alimony and other payment obligations.

11. Debtor has not paid the mortgage on the Florida Property for five (5) months. The mortgage loan has been accelerated and the payoff amount as of January 12, 2024, is $2,720,128.25. The mortgage holder, First Horizon Bank, has commenced foreclosure proceedings in Florida, after communicating with the Receiver and with the Receiver's consent.

12. Debtor has not paid necessary expenses of the Florida Property, including

utilities, HOA fees, property taxes and maintenance.

13. Further, the Receiver has discovered that the Florida Property has a leaking roof. The Receiver has engaged a contractor to perform the repairs so that the Florida Property can be sold. The roof repairs were scheduled to be completed March 27th and the contractor has sent the final invoice to the Receiver.

14. The Receiver had the property appraised for $4.5 million. Given the unique nature of the property and the need to sell quickly, the Receiver has consulted with real estate professionals and has engaged, Lamar P. Fisher, CAI, AARE, of Fisher Auction Company, a reputable auction company in Broward County, Florida, to market and sell the Florida Property. The auction is scheduled for May 16, 2024.

15. The proceeds from the sale of the Florida Property are anticipated to satisfy costs of sale, secured debt of $2.7 million, a settlement payoff to the Government discussed below of $350,000, payment of approximately $700,000 in Debtor's criminal obligations to the Government, and some portion of 2020/2021 taxes of $2.4 million for which the IRS has filed a lien. Depending on the sale price, funds may be used to pay capital gains taxes and 2023 income taxes. The Receiver does not anticipate surplus sale proceeds to pay Debtor's other obligations including alimony.

16. To facilitate the Receiver's sale of the Florida Property, the Receiver sent Debtor written notice on March 7, 2024, demanding Debtor vacate the Florida

Property no later than April 1, 2024.

17. Debtor has not vacated the Florida Property.

18. The Receiver's scheduled sale of the Florida Property and efforts to compel Debtor to vacate the Florida Property are stayed by the automatic stay.

**Debtor's Conviction and Sentencing for Healthcare Fraud/Civil *Qui Tam* Liability**

19. On June 22, 2022, Debtor was convicted of felony Healthcare Fraud in the United States District Court for the Northern District of Georgia. A copy of the *Judgment in a Criminal Case* is attached as Exhibit "E" to this Motion.

20. Debtor owes restitution under the criminal judgment in the original amount of $700,144.33.

21. On March 22, 2024, the District Court entered an *Order* ordering Debtor to report to the Bureau of Prisons no later than May 22, 2024, to begin serving a thirty-six-month prison sentence. A copy of the May 22, 2024, Order is attached as Exhibit "F" to this Motion.

22. Debtor is further indebted to the Government under a *Consent Judgment* entered in the District Court on March 14, 2024, resulting from a *qui tam* action. A copy of the Consent Judgment is attached as Exhibit "G" to this Motion.

23. Debtor owes the Government approximately $2,700,000.00 under the Consent Judgment. However, the Receiver negotiated an agreement with the Government to pay approximately $350,000.00 from the proceeds of the sale of the

Florida Property or the Business assets before June 1, 2024, which would satisfy the Consent Judgment in full.

**Debtor's Debts**

24. The Receiver estimates Debtor's total debts in excess of $16,900,000.00. They are, as follows:

**Receiver Estate of Jeffrey M. Gallups**
**Gallups Personal Liabilities**
March 20, 2024

*DRAFT AND SUBJECT TO CHANGE / INCLUDES ESTIMATED FIGURES*

| Vendor | Type | Amount | Paid / Due Date | Notes |
|---|---|---|---|---|
| **Credit Card Bills** | | | | |
| American Express | Account x92000 | $329,781 | | Balance from March 2023 |
| American Express Gold | Account x46008 | $27,320 | | Last payment October 2022 |
| Macy's Amex | Account x8545 | $189 | | Last statement is October 2023 |
| Truist Visa Signature | Credit Card | $12,619 | | Minimum payment of $518 is past due |
| | | **$369,909** | | |
| **Secured Creditor Loans & Deficiencies** | | | | |
| First Horizon Mortgage | Mortgage | $2,720,000 | | Payoff of loan per Counsel to First Horizon |
| First Horizon on Boat | Surrendered collateral | $100,000 | | Estimated. Boat to be auctioned by First Horizon |
| Truck Loan Deficiency | Surrendered collateral | $0 | | Unknown |
| | | **$2,820,000** | | |
| **Professional Fees** | | | | |
| Stephano Slack | Tax Accountants | $3,750 | | 2022 Tax Return |
| Stephano Slack | Tax Accountants | $1,000 | | Amended 2021 Tax Return |
| Stephano Slack | Tax Accountants | $1,500 | | General tax and accounting fees |
| Wiggam Law | IRS Counsel | $1,407 | | Payment due 2/7/2024 |
| Chilivis Grubman | | $50,889 | | Per 10/2/23 Contempt Order. |
| Martenson, Hasbrouck | | $0 | | Included in MHSA company payables |
| | | **$58,546** | | |
| **Alimony** | | | | |
| Current Alimony Payable | Alimony | $325,000 | | 5 Months in Arrears |
| Nancy Jennings Legal Fees | Alimony | $0 | | Included in MHSA payables in Appendix 3 |
| Divorce Settlement | Alimony | $10,250,000 | | Paid from Gallups Equity from Sale of Entities |
| Interest pursuant to transfer | Alimony | $785,833 | | Prime 8.5% plus 3.0% int since 8/7/23 transfer |
| | | **$10,575,000** | | |
| **Government Agencies** | | | | |
| Department of Justice | Government Claim | $344,000 | | To be paid from sale of house. |
| DOJ Criminal Lien | Government Claim | $750,000 | | Lien filed in July 2022. Before IRS lien |
| IRS for 2021 and 2022 | Government Claim | $2,000,000 | | Lien filed for 2021. Est. per Wiggam Law |
| IRS for 2023 | Government Claim | $0 | | Estimated federal taxes for 2023 |
| State of Georgia | Government Claim | $400,000 | | Estimated state taxes per Wiggam Law |
| | | **$3,494,000** | | |
| **Total Payable** | | **$16,947,546** | | |

7

**Debtor's Income**

25. To the Receiver's knowledge, Debtor has no income.

26. Debtor's attorneys have represented to the Receiver and the Superior Court that Debtor has no income and no money for food, lodging and other personal necessities. The Receiver has not been able to satisfactorily confirm counsel's representations. The Receiver has paid more than $20,000.00 in critical bills for the Florida Property to date.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. The Receiver is entitled to an Order confirming that the automatic stay does not stay the Business Asset Sale.

27. No property of Debtor or of Debtor's bankruptcy estate is included in the Business Asset Sale.

28. The Affiliated Entities are not debtors in any bankruptcy case(s).

29. Further, mere days prior to the Receiver's appointment, Debtor covertly transferred all ownership of the Affiliated Entities out of his name in a transaction referred to in the Receivership Order as the "Covert Transaction." As of the date of this filing, Debtor is not the owner of record of any of the Affiliated Entities.

30. The transaction under the Sale Order is not stayed by the automatic stay in this bankruptcy case. *See In re Stadler*, No. 04-91944, 2005 Bankr. LEXIS 571, at *3 (Bankr. N.D. Ga. Mar. 30, 2005) ("The automatic stay imposed by section 362(a) of the Bankruptcy Code applies only to property of the debtor and the

estate. It does not apply to property owned by a nondebtor, even if the debtor owns all of the equity in the nondebtor"); *Powers v. Texaco, Inc.*, No. 93-7322, 1994 U.S. App. LEXIS 43174, at *7-8 (5th Cir. May 11, 1994) ("Section 362(a) does not proscribe actions brought against nondebtor entities, even where there is a close nexus between those nondebtors and their bankrupt affiliates); *see, also*, *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993) ("Section 362(a) does not proscribe actions brought against nondebtor entities, even where there is a close nexus between those nondebtors and their bankrupt affiliates").

31. Nevertheless, the Receiver and the Purchaser under the Business Asset Sale desire the entry of an order confirming that the automatic stay does not stay the Business Asset Sale.

32. The Receiver and the Purchaser are concerned that, once this case is dismissed, Debtor will simply refile a new bankruptcy case causing further and unreasonable delay.

33. The purchaser is attempting to proceed with its due diligence and the closing of the Business Asset Sale could be as early as April 15, 2024.

34. To avoid any doubt and so confusion regarding the Business Asset Sale, the Receiver requests that the Court enter an order expressly stating that Debtor's bankruptcy case does not result in a stay of the Receiver's sale of the Affiliated Entities' assets.

**B.     The Receiver is entitled to an Order dismissing this bankruptcy case.**

35.     Section 1307(c) of the Bankruptcy Code authorizes the Court to dismiss this Chapter 13 case for "cause."

36.     Cause is not expressly defined in the Bankruptcy Code. Courts, however, have repeatedly held that there is cause sufficient to dismiss a bankruptcy case where the debtor is ineligible for relief under Chapter 13 and where the debtor has failed to act in good faith, either prepetition or in the filing of the bankruptcy case.

37.     The Eleventh Circuit Court of Appeals maintains that the Bankruptcy Court has discretion to determine bad faith, or lack of good faith, on a case-by-case basis, by examining the facts of the particular case. *Piazza v. Nueterra Healthcare Physical Therapy, LLC (In re Piazza)*, 719 F.3d 1253, 1271 (11th Cir. 2013); *see, also*, *Natural Land Corp. v. Baker Farms, Inc. (In re Natural Land Corp.)*, 825 F.2d 296, 298 (11th Cir. 1987).

38.     Debtor is not eligible to be a debtor under Chapter 13.

39.     Section 109 of the Bankruptcy Code provides, as follows:

> Only an individual **with regular income** that owes, on the date of the filing of the petition, **noncontingent, liquidated debts of less than $2,750,000** or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated debts that aggregate less than $2,750,000 may be a debtor under chapter 13 of this title [11 USCS §§ 1301 et seq.].

11 U.S.C. § 109(e).

40. Section 101 of the Bankruptcy Code provides in part as follows:

> The term "individual with regular income" means individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13 of this title [11 USCS §§ 1301 et seq.], other than a stockbroker or a commodity broker.

11 U.S.C. § 101(30).

41. Debtor owes noncontingent, liquidated debts of $16,947,546, over $14,000,000.00 more than the maximum allowed for eligibility under Chapter 13.

42. Further, Debtor has no income, let alone "stable and regular" income. His income prospects will not be improving once he reports to the Federal Bureau of Prisons to begin his 36-month sentence.

43. Debtor has represented to the Receiver that he cannot get a job because he is a convicted felon.

44. Where a debtor's noncontingent, liquidated debts exceed the limits under Section 109(e), immediate dismissal of the debtor's Chapter 13 case is warranted. *In re Buis*, 337 B.R. 243, 250 (Bankr. N.D. Fla 2006).

45. Further, a court need not wait until the confirmation hearing to dismiss a case due to a debtor's ineligibility. *Id.* The court may dismiss the case immediately upon determining that the debtor is not eligible for Chapter 13 relief. *Id.*

46. Solely on the basis of Debtor's ineligibility for Chapter 13 relief, this Court should dismiss this bankruptcy case.

47. The Court should dismiss this case also on the grounds that Debtor filed the

11

case in bad faith, because Debtor knew or should have known that noncontingent, liquidated debts of $16,947,546 and/or a lack of regular income render him ineligible for Chapter 13 relief. *See In re Letterese*, 397 B.R. 507, 513 (Bankr. S.D. Fla. 2008).

48. In *Letterse*, this Court held that a Chapter 13 case knowingly filed by an ineligible debtor (due to debt amount and lack of regular income) was filed in bad faith, explaining, as follows:

> Relevant factors, although not exclusive to my decision of bad faith conduct, include "the amount of the debtor's income from all sources," "the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13" and "the debtor's ability to earn and the likelihood of fluctuation in his earnings." In addition, the Eleventh Circuit also noted that a bankruptcy court should consider, among other factors, the substantiality of the proposed repayments and the dischargeability of the debts. Id.

*Id.* (citations omitted).[3]

49. Debtor filed the case knowing that his debts far exceed the Chapter 13 debt ceiling under Section 109(e) and knowing he has no legal grounds to be a debtor under Chapter 13.

50. The Court may note, also, that Debtor's alimony obligations and criminal obligations are not dischargeable, though the Court need not reach that issue. This

---

[3] The Court determined that conversion of the debtor's case to Chapter 7 better served the interests of creditors and elected to convert rather than dismiss the case. *Id.* at 515. The Receiver maintains that dismissal in this instance best serves the creditors' interests.

case should be dismissed on the ground that Debtor is not eligible to be a debtor under Chapter 13, and Debtor knew or should have known that he is ineligible to be a debtor under Chapter 13.

51. Debtor has no regular income and, given his imminent incarceration for thirty-six (36) months, no reasonable prospects of regular income in the foreseeable future.

52. This case must be dismissed.

**Request for Expedited Hearing**

48. The Receiver respectfully requests that the Court schedule a hearing on this Motion at the Court's earliest opportunity.

49. The Receiver and his auctioneer cannot complete the marketing and the preparation of the Florida Property while the automatic stay is in place.

50. The Receiver's auction of the Florida Property is scheduled for May 16, 2024.

51. Prior to conducting the auction of the Florida Property, the Receiver's auctioneer must conduct a sale of the personal property contents of the Florida Property.

52. None of this can be done while the automatic stay is in place.

53. The Receiver, therefore, requests that the Court set a hearing at the Court's earliest opportunity.

**WHEREFORE**, the Receiver requests this Court schedule a hearing on an expedited basis and enter an Order granting this Motion, confirming that the automatic stay does not stay the Receiver's sale of assets of the Affiliated Entities under the Business Asset Sale or otherwise, dismissing Debtor's bankruptcy case, and granting the Receiver such additional relief as the Court deems appropriate under the circumstances.

March 29, 2024.

                                    TAYLOR ENGLISH DUMA LLP

*/s/ Catrina Markwalter*
Catrina Markwalter
Florida Bar No. 71999
255 Rivertown Shops Drive, Suite 102 #159
Saint Johns, Florida 32259
(404) 640-5929
cmarkwalter@taylorenglish.com

John K. Rezac
Georgia Bar No. 601935
*Application for Admission Pro Hac Vice Forthcoming*
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
(770) 434-6868
jrezac@taylorenglish.com

*Counsel for Movant S. Gregory Hays, Receiver*

## STATEMENT AND CERTIFICATE PURSUANT TO LOCAL RULE 9075-1

I, Catrina Markwalter, counsel for Movant S. Gregory Hays, in his capacity as Receiver (the "Receiver") certify that the Receiver and his counsel have made a bona fide effort to resolve the matter that is the subject of the foregoing Motion. The Receiver has requested the Debtor's Compliance with the Superior Court of Fulton County, Georgia's October 12, 2023, Order, specifically respecting Debtor's vacating the property identified in the motion as the "Florida Property". Those attempts to resolve this matter by agreement have been unsuccessful.

The Receiver requests an expedited hearing on the Motion to enable the Receiver to continue preparations for a sale by auction of the Florida Property. That sale is scheduled to take place May 16, 2024.

A hearing on the Motion on or before April 5, 2024, would allow for much needed clarity respecting the sale schedule.

March 29, 2024.

TAYLOR ENGLISH DUMA LLP

*/s/ Catrina Markwalter*
Catrina Markwalter
Florida Bar No. 71999
255 Rivertown Shops Drive, Suite 102 #159
Saint Johns, Florida 32259
(404) 640-5929
cmarkwalter@taylorenglish.com

## **CERTIFICATE OF SERVICE**

    I certify that I have this day caused a true and correct copy of the foregoing EMERGENCY MOTION FOR ORDER (1) CONFIRMING SALE OF NONDEBTOR BUSINESS ENTITIES' ASSETS IS NOT STAYED; AND (2) DISMISSING CASE by depositing a copy of same in the United States mail in an envelope properly addressed and with adequate postage thereon to ensure proper delivery, and by email where indicated, as follows:

| | |
|---|---|
| Jeffrey Mark Gallups<br>205 Hendricks Isle<br>Fort Lauderdale, FL 33301 | Mitchell J. Nowack, Esq.<br>8551 Sunrise Blvd #208<br>Plantation, FL 33322<br>ecf@nowackolson.com |
| Robin R Weiner<br>Robin R. Weiner, Chapter 13 Trustee<br>Post Office Box 559007<br>Fort Lauderdale, FL 33355 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130 |

    March 29, 2024.

                                    */s/ Catrina Markwalter*
                                    Catrina Markwalter