EXHIBIT "C"

Fulton County Superior Court
***EFILED***RM
Date: 3/14/2024 2:27 PM
Che Alexander, Clerk

**IN THE SUPERIOR COURT OF FULTON COUNTY**
**STATE OF GEORGIA**
**FAMILY DIVISION**

| | | |
|---|---|---|
| NANCY JENNINGS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. |
| vs. | ) | 2020CV337822 |
| | ) | *Judge Gshwall* |
| JEFFREY GALLUPS, | ) | |
| | ) | |
| Respondent. | ) | |

PROPOSED **ORDER GRANTING RECEIVER'S EMERGENCY MOTION FOR**
**APPROVAL AND AUTHORIZATION OF (1) SALE OF ASSETS OF THE**
**RECEIVERSHIP ESTATE AND (2) BRIDGE LOAN FINANCING**

This matter is before the Court on the *Receiver's Emergency Motion for Approval and Authorization of (1) Sale of Assets of the Receivership Estate and (2) Bridge Loan Financing* (the "**Motion**") filed March 14, 2024, by S. Gregory Hays, solely in his capacity as Receiver (the "**Receiver**"), appointed pursuant to the Court's August 16, 2023, *Order Compelling Compliance, Appointing Receiver, and Granting Injunctive Relief* entered in this civil action (the "**Receivership Order**").[1] The Motion has been filed with the consent and approval of Frank B. Strickland, solely in his capacity as Special Master (the "**Special Master**"), appointed pursuant to the Court's *Order for Appointment of Special Master* entered in this civil action on February 8, 2023 (the "**Special Master Order**"). By the Motion, the Receiver seeks the entry of this Order (the "**Sale Order**") authorizing and approving the terms of the Receiver's sale of certain assets of the Receivership Estate to Northside Hospital, Inc. ("**NH**") and approving the terms of a bridge loan from NH to Maker (as defined below). This Motion comes to the Court on an emergency basis given the

---

[1] Unless otherwise indicated, capitalized terms in this Motion will have the meanings attributed them in the Receivership Order.

Receivership Estate's critical need for the bridge loan funds and for expedited approval of the sale terms.

The Court adopts as its findings of fact the Receiver's statement of facts set forth in the Motion at Section II. Background, and Section III. Business Operations. Additionally, the Court makes the following findings of fact:

**The Northside Hospital, Inc. Asset Purchase Agreement**

After considerable inquiry, due diligence, and negotiations, and management of the Business over seven (7) months, the Receiver, on behalf of ENTI Surgery Center, LLC, Milton Hall Surgical Associates, LLC, Milton Hall Management, LLC, MHSA Management, LLC, Alpharetta Surgery Center, LLC, HCENTI, LLC, ENTI Anesthesia, LLC, Milton Hall Trust, Nutmeg Management LLC, Marble Management LLC and DRG Media, LLC (collectively, "**Sellers**") will enter into an Asset Purchase Agreement (the "**APA**") with NH, as Buyer, for the sale of substantial assets of the Business. The Receiver has provided a paper copy of the APA to the Court to be filed under seal. Pursuant to the APA, NH will acquire certain of the Business's facilities as described in the APA (the "**Acquired Facilities**"); and all property and assets of Sellers (other than the "**Excluded Assets**" under the APA) used at or in connection with an Acquired Facility, including all inventory, equipment, purchased receivables, permits and licenses, intellectual property, goodwill, assumed contracts, and deposits (the "**Purchased Assets**"). The closing date for the sale transaction will be within ten (10) business days after satisfaction or waiver of the requirements of Article IX of the APA.

The proceeds from the sale under the APA will be used, to the extent of available funds, to satisfy costs of sale, professional and attorneys' fees and expenses of the Receiver and the Special Master, Petitioner's attorneys' fees and expenses, remaining obligations to the Government, the

SBA, Georgia Banking Company, landlord arrearages, accrued and unpaid alimony owed by Respondent to Petitioner, trade creditor claims accruing through the closing date, and Respondent's additional payment obligations to Petitioner.

The Court finds that the transactions anticipated by the APA represent the highest and best offer for the assets that will be sold and is in the best interests of the Receivership Estate.

In connection with the APA, the Receiver, on behalf of ENTI Surgery Center, LLC; Milton Hall Surgical Associates, LLC; Milton Hall Management, LLC; MHSA Management, LLC; Alpharetta Surgery Center, LLC; HCENTI, LLC; ENTI Anesthesia, LLC; Milton Hall Trust; Nutmeg Management LLC; Marble Management LLC; and DRG Media LLC (collectively, "**Maker**") and NH, as Lender, will also enter into a Senior Secured Line of Credit Promissory Note and Security Agreement (the "**Bridge Loan Agreement**"), pursuant to which NH will make available an immediate line of credit (the "**Loan**") up to $1,000,000.00, at an annual interest rate of 7%, compounded annually, maturing upon the earlier of Closing of the APA, the termination of the APA, or May 31, 2024. NH's right to payment under the Bridge Loan Agreement will be protected by a first-priority security interest in all assets of the Maker. The Receiver has provided a paper copy of the Bridge Loan Agreement to the Court to be filed under seal.

The Court finds that the Loan is in the best interests of the Receivership Estate and is necessary to enable the Receiver to continue operating the Business until closing of the APA.

Further, the Court finds that the Special Master Order and the Receivership Order authorize the Special Master and the Receiver, respectively, to sell property of the Receivership Estate. Special Master Order, ¶ 6 ("The Special Master has authority to regulate all proceedings and take all appropriate measures to perform fairly and efficiently the assigned duties, *to include the sale of the Companies as soon as possible at a realistic price*") (emphasis added); Receivership Order,

p. 20, ¶ 15, xx ("In addition to the specific provisions in Articles III through XIII below, the Receiver shall have the following general powers and duties: ... xx. To sell or liquidate Receivership Assets for purposes of payment of Respondent's obligations under Divorce Settlement").

The Court finds good and adequate cause to grant the Motion and the relief sought by the Motion. Accordingly, it is hereby

ORDERED that the Motion is *granted*. It is hereby further

ORDERED as follows:

1) the APA and the transactions under the APA are authorized and approved;

2) upon closing of the APA, the Purchased Assets shall vest in NH, free and clear of all Claims and Encumbrances (other than "**Permitted Encumbrances**" as defined in the APA);

3) NH's assumption of the "**Assumed Liabilities**", as defined in the APA, is authorized and approved;

4) Sellers' retention of all "**Excluded Liabilities**", as defined in the APA, is authorized and approved;

5) the APA and the transactions contemplated therein are undertaken by NH, the Receiver, and Sellers at arm's length, without collusion, and in good faith, and do not constitute a fraudulent transfer in any respect, including, without limitation, under any state or federal law that permits the avoidance of fraudulent or preferential transfers;

6) neither NH nor its affiliates is or will be deemed a successor (or successor-in-interest or similar) to any of the Receivership Estate, the Sellers or their affiliates, whether by virtue of the transactions contemplated by the APA and/or Bridge Loan Agreement

4

constituting a *de facto* merger, mere continuation, or similar transaction, or otherwise;

7)    the transactions of Jeffrey Gallups, M.D. and Melissa Moritz with respect to the actual or purported sale, disposition, transfer or conveyance of the assets of certain of the Sellers prior to the entry of the Receivership Order, identified in the Receivership Order as the transactions involving Nutmeg Management, LLC under the Covert Transfer Documents, are void;

8)    the Bridge Loan Agreement and the transactions under the Bridge Loan Agreement are authorized and approved;

9)    NH shall have a first-priority security interest in and lien on all assets of the Maker, which security interest and lien shall prime all existing liens as to such assets;

10)   the Receiver is authorized to issue for the benefit of Lender the Receiver's Certificate of Indebtedness included in this Sale Order at Appendix 1; and

11)   the Receiver is discharged from all liability in the performance of the Receiver's duties respecting the APA, other than acts constituting fraud or willful misconduct.

SO ORDERED this _____ day of March, 2024.


Honorable Craig L. Schwall Sr.
Judge, Superior Court of Fulton County
Atlanta Judicial Circuit

5

Order Prepared and Presented by:

TAYLOR ENGLISH DUMA LLP

John K. Rezac
Georgia Bar No. 601935
1600 Parkwood Circle, Suite 200
Atlanta, Georgia  30339
Tel: 770.434.6868
Fax: 770.434.7376
jrezac@taylorenglish.com

*Attorneys for Receiver S. Gregory Hays*

6

# Appendix 1

**Receiver's Certificate of Indebtedness**

No. 0001

$1,000,000.00

S. Gregory Hays, solely in his capacity as Receiver herein ("Receiver"), appointed pursuant to the August 16, 2023, Order Compelling Compliance, Appointing Receiver, and Granting Injunctive Relief (the "Receivership Order") entered in the Superior Court of Fulton County, State of Georgia (the "Court"), in the action styled, Nancy Jennings v. Jeffrey Gallups, Civil Action No. 2020CV337822 (the "Civil Action"), issues this Receiver's Certificate of Indebtedness (the "Certificate") under and by virtue of the authority of the Receivership Order.

This Certificate is issued to Northside Hospital, Inc., as Lender ("Lender"), as inducement for and to secure the indebtedness under the Senior Secured Line of Credit Promissory Note and Security Agreement (the "Loan") executed March 14, 2024, by and between the Receiver, as Receiver of and on behalf of ENTI Surgery Center, LLC; Milton Hall Surgical Associates, LLC; Milton Hall Management, LLC; MHSA Management, LLC; Alpharetta Surgery Center, LLC; HCENTI, LLC; ENTI Anesthesia, LLC; Milton Hall Trust; Nutmeg Management LLC; Marble Management LLC; and DRG Media LLC (collectively, "Maker").

This Certificate is a first priority lien upon all property, real, personal, intangible, and mixed, of Maker, wherever located (the "Collateral"), and upon any proceeds or product of the Collateral, which lien is to be prior and superior to the rights and interests of all parties to the Civil Action, and prior to the claims of all owners, stockholders, members, partners and creditors of Maker, or of anyone claiming under them or it. Lender is authorized to cause this Certificate to be recorded in the office of the clerk of the Superior Court of Fulton County, or such other county or counties as may be necessary or appropriate, but the failure to so record this Certificate shall not affect the priority of the lien for the obligations owed hereunder.

This Certificate is executed by the Receiver, not personally, but as Receiver and is payable only out of the Collateral, the proceeds of the transaction anticipated by the Asset Purchase Agreement (the "APA") by and between Lender and the Receiver, on behalf of ENTI Surgery Center, LLC, Milton Hall Surgical Associates, LLC, Milton Hall Management, LLC, MHSA Management, LLC, Alpharetta Surgery Center, LLC, HCENTI, LLC, ENTI Anesthesia, LLC, Milton Hall Trust, Nutmeg Management LLC, Marble Management LLC and DRG Media, LLC (collectively, "Sellers"), and in the manner provided by the Receivership Order or other applicable order of the Court. No personal liability shall be asserted or be enforceable against the Receiver or his representatives, attorneys, or agents.

This Certificate shall be immediately effective upon issuance by the Receiver.

In witness whereof, S. Gregory Hays, as Receiver, has signed this Certificate on March 14, 2024.

S. GREGORY HAYS, SOLELY AS RECEIVER

_____

Signed, sealed and delivered in the presence of:

_____
Notary Public

My Commission Expires:

(NOTARY SEAL)

9