UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

| | |
|---|---|
| In re ) | |
| ) | Chapter 13 |
| JEFFREY MARK GALLUPS, ) | |
| ) | Case No. 24-12653-SMG |
| Debtor. ) | |
| _____ ) | |

**NOTICE OF JOINDER OF NANCY JENNINGS TO EMERGENCY MOTION FOR ORDER (1) CONFIRMING SALE OF NONDEBTOR BUSINESS ENTITIES' ASSETS IS NOT STAYED; AND (2) DISMISSING CASE (DKT. NO 9)**

**COMES NOW**, Nancy Jennings ("**Dr. Jennings**"), by and through her undersigned counsel and as a creditor of Jeffrey Mark Gallups ("**Dr. Gallups**" or the "**Debtor**"), and files this Notice of Joinder to the Emergency Motion for Order (1) Confirming Sale of Nondebtor Business Entities' Assets is not Stayed; and (2) Dismissing Case filed by S. Gregory Hays as Receiver (Dkt. No. 9) (the "**Motion**") and in support thereof, respectfully states as follows:

1.  On March 21, 2024 (the "Petition Date"), Dr. Gallups filed his voluntary petition for relief under chapter 13 of title 11 of the United States Code (the "Bankruptcy Code").

2.  Dr. Jennings is Dr. Gallups' ex-wife and has a final, non-appealable judgment against Dr. Gallups in excess of $10.25 million (the "**Final Judgment**") awarded by the Superior Court of Fulton County, Georgia (the "**Georgia State Court**"). The Final Judgment is referenced in the Receiver's Second Interim Report attached as Exhibit B to the Motion (the "**Receiver's Report**") and is an award of alimony and therefore is non-dischargeable under Section 523(a)(15). To secure the amounts owed to Dr. Jennings under the Final Judgment, the Georgia State Court provided a first position security interest in Dr. Gallups' equity in the Affiliated Entities (as defined in the Motion) and any proceeds therefrom. The amount owed to Dr. Jennings grows monthly as Dr. Gallups continually fails to pay Dr. Jennings her monthly alimony.

1

SGR/70453179.2

3.    This bankruptcy case was filed in bad faith and should be dismissed. Dr. Gallups' debt far exceeds the debt limits for a chapter 13 debtor. In fact, it is not even close. As shown in the Receiver's Report, Dr. Gallups' non-contingent, liquidated debts exceed $16.9 million, more than 6 times the statutory limit set forth in 11 U.S.C § 109(e). See *In re Buis*, 337 B.R. 243, 250 (Bankr. N.D. Fla 2006)(immediate dismissal of chapter 13 case warranted when debt limits exceeded).

4.    The purpose of this chapter 13 case is a mystery and it is certainly not an attempt by an "honest but unfortunate debtor" to reorganize his debts.[1] Based on Dr. Gallups' scorched earth tactics in the divorce litigation with Dr. Jennings as evidenced by the contempt findings in the Georgia State Court and his criminal conviction, this may be simply another tactic in his continuing effort to frustrate Dr. Jennings from obtaining even a partial satisfaction on her claims.

5.    As described in the Motion, the Receiver has obtained approval from the Georgia State Court to sell the assets of the Affiliated Entities. The sale will likely result in payment in full to the creditors of the Affiliated Entities and the professional fees related to the receivership, the preservation of over 100 jobs, and may provide a payment to Dr. Jennings to satisfy a portion of the Judgment. Although the automatic stay does not extend to the Receiver's sale of the assets of the medical practices,[2] this bad faith bankruptcy case could potentially delay the sale process, resulting in increased costs and expenses and, in the worst case (for everyone except the Debtor) create uncertainty on behalf of the potential buyer or creditors, potentially jeopardizing the sale.

---

[1] As the Supreme Court recently noted, there is a "basic policy animating the Code of affording relief only to an 'honest but unfortunate debtor.'" *Lamar, Archer & Cofrin, LLP v. Appling*, -- U.S. --,138 S. Ct. 1752, 1758, 201 L. Ed. 2d 102 (2018). The "honest but unfortunate debtor" is a bedrock principle with a long history stretching back to well before the enactment of the modern Bankruptcy Code. *See e.g., Local Loan Co. v. Hunt*, 292 U.S. 234, 244–45, 54 S. Ct. 695, 699, 78 L. Ed. 1230 (1934).

[2] *See In re Stadler*, No. 04-91944, 2005 Bankr. LEXIS 571, at *3 (Bankr. N.D. Ga. Mar. 30, 2005) ("The automatic stay imposed by section 362(a) of the Bankruptcy Code applies only to property of the debtor and the estate. It does not apply to property owned by a nondebtor, even if the debtor owns all of the equity in the nondebtor").

6. Emergency relief is warranted based on Dr. Gallups' bad faith filing and the risk of the bankruptcy filing interfering with the sale of the assets of the Affiliated Entities. Since Dr. Jennings' Final Judgment has to be satisfied first, there is no scenario which results in Dr. Gallups receiving a distribution from the sale of the assets of the Affiliated Entities. The value has already been drastically diminished by Dr. Gallups' actions and there is a severe liquidity crisis which could jeopardize the closing of the sale if it is delayed.

7. Dr. Jennings hereby joins in the Motion and, to the extent not inconsistent herewith, incorporates the Motion by reference as if set forth fully herein.

WHEREFORE, Nancy Jennings respectfully requests the entry of an order dismissing the Debtor's chapter 13 bankruptcy case, and granting such other relief as this Court deems just and proper.

Dated: March 29, 2024

**SMITH, GAMBRELL & RUSSELL, LLP**

By: */s/ James R. McCachren*
James R. McCachren
Florida Bar No.: 986585
jmccachren@sgrlaw.com
apelegrin@sgrlaw.com
50 North Laura Street, Suite 2600
Jacksonville, FL 32202
Phone: (904) 598-6109
Facsimile: (904) 598-6209

| **SMITH, GAMBRELL & RUSSELL, LLP** | **SMITH, GAMBRELL & RUSSELL, LLP** |
|---|---|
| By: */s/ Brian P. Hall* | By: */s/ Michael F. Holbein* |
| Brian P. Hall | Michael F. Holbein |
| Florida Bar No.: 0070051 | Florida Bar No. 1033402 |
| bhall@sgrlaw.com | mholbein@sgrlaw.com |
| 1105 W. Peachtree Street NE | 1105 W Peachtree Street NE |
| Suite 1000 | Suite 1000 |
| Atlanta, GA 30309 | Atlanta, GA 30309 |
| Phone: (404) 815-3537 | Phone: (404) 815-3607 |
| Facsimile: (404) 685-6837 | Facsimile: (404) 685-6907 |

***Attorneys for Nancy Jennings***

3

## **CERTIFICATE OF SERVICE**

I certify that I have this day caused a true and correct copy of the within and foregoing pleading by depositing a true and correct copy of same in the United States mail in an envelope properly addressed and with adequate postage thereon to ensure proper delivery, and by email where indicated, to the following:

Jeffrey Mark Gallups
205 Hendricks Isle
Fort Lauderdale, FL 33301

Mitchell J. Nowack, Esq.
8551 Sunrise Blvd #208
Plantation, FL 33322
ecf@nowackolson.com

Robin R Weiner
Robin R. Weiner, Chapter 13 Trustee
Post Office Box 559007
Fort Lauderdale, FL 33355

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

This 29th day of March, 2024.

*/s/Brian P. Hall*
Brian P. Hall

SGR/70453179.2