

**ORDERED in the Southern District of Florida on April 15, 2024.**

_Scott M. Grossman_
**Scott M. Grossman, Judge**
**United States Bankruptcy Court**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**
www.flsb.uscourts.gov

In re

JEFFREY MARK GALLUPS,

      Debtor
_____/

Case No. 24-12653-SMG
Chapter 13

**ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE AS MOOT IN PART EMERGENCY MOTION FOR ORDER (1) CONFIRMING SALE OF NONDEBTOR BUSINESS ENTITIES' ASSETS IS NOT STAYED; AND (2) DISMISSING CASE**

This matter came before the Court on April 11, 2024, on the *Emergency Motion for Order (1) Confirming Sale of Nondebtor Business Entities' Assets is not Stayed; and (2) Dismissing Case*, as supplemented [Docket Nos. 9, 26] (the "Motion"), filed by S. Gregory Hays, as Receiver (the "Receiver") appointed by the August 16, 2023, *Order Compelling Compliance, Appointing Receiver, and Granting Injunctive Relief* (the "Receivership Order") of the Superior Court of Fulton County, Georgia (the "Superior Court"). By the Motion, the Receiver seeks the entry of an order confirming that the automatic stay pursuant to 11 U.S.C. § 362 (the "Automatic

Stay") in this bankruptcy case does not stay the Receiver's sale of certain assets of the "Affiliated Entities"[1] (the "Business Asset Sale") as authorized by the Superior Court's March 14, 2024, *Order Granting Receiver's Emergency Motion for Approval and Authorization of (1) Sale of Assets of the Receivership Estate and (2) Bridge Loan Financing* (the "Sale Order"). The Motion seeks also an order dismissing this bankruptcy case partly on the grounds that Debtor Jeffrey Mark Gallups (the "Debtor") is ineligible to be a debtor under Chapter 13.

The Debtor filed his *Notice of Conversion of Case from Chapter 13 to a Case under Chapter 7 under 1307(a)* [Docket No. 27] on April 10, 2024, converting this case to a case under Chapter 7. Sonya Salkin Slott (the "Trustee") was appointed Interim Chapter 7 Trustee on April 11, 2024. [Docket No. 34].

Mitchell J. Nowack, Esq. appeared at the April 11, 2024, hearing on behalf of the Debtor; Mark Bonacquisti, Esq. appeared on behalf of the Trustee; John K. Rezac, Esq. appeared on behalf of the Receiver, who was also present; and Brian P. Hall, Esq. appeared on behalf of Dr. Nancy Jennings. Counsel for the Receiver certifies that all necessary parties were properly and timely served with a copy of the Court's *Notice of Hearing*. [Docket Nos. 13, 16]. Counsel for the Receiver and counsel for the Trustee announced that they had reached an agreement on the Motion on the terms provided here. As further stated on the record at the hearing, the Court finds sufficient cause to grant the relief under the Motion according to the Receiver and Trustee's agreement.

It is ordered that:

---

[1] The Affiliated Entities are Milton Hall Surgical Associates, LLC, Alpharetta Surgery Center, LLC, ENTI Surgery Center, LLC, HCENTI, LLC, ENTI Anesthesia, LLC, Milton Hall Management, LLC, MHSA Management, LLC, Milton Hall Trust, Nutmeg Management LLC, Marble Management, LLC, DRG Media, LLC, all other operating entities, holding companies, debt arrangements, voting trusts, or other trusts or entities of any kind, known or unknown, directly or indirectly controlled by Debtor Jeffrey Mark Gallups or Melissa Moritz ("Moritz").

1) the motion is *granted* in part solely as set forth herein and *denied* without prejudice as moot in part;

2) the Automatic Stay does not stay or otherwise impact the Business Asset Sale or the sale by the Receiver of any other assets owned by the Affiliated Entities;

3) the Receiver agrees he will not distribute the proceeds from the Business Asset Sale before April 25, 2024, without the Trustee's written consent and will give the Trustee 14-days's notice before distributing the proceeds from any future sale of other assets owned by the Affiliated Entities; and

4) the Receiver's request for dismissal of this bankruptcy case is denied without prejudice as moot given the Debtor's conversion of this case to a case under Chapter 7.

### 

**The Receiver's counsel is directed to serve this order upon all non-registered users or registered users who have yet to appear electronically in this case and file a conforming certificate of service.**

**Order Prepared and Presented by:**

John K. Rezac
TAYLOR ENGLISH DUMA LLP
Georgia Bar No. 601935
1600 Parkwood Circle, Suite 200
Atlanta, Georgia 30339
Telephone (770) 434-6868
Fax (770) 434-7376
jrezac@taylorenglish.com

*Counsel for S. Gregory Hays, Receiver*