UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

JEFFREY MARK GALLUPS                                    Case No. 24-12653-SMG
                                                        Chapter 7
_____Debtor_____/

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE
TO SELL THE DEBTOR'S INTERESTS IN CERTAIN LIFE INSURANCE POLICIES**

Sonya Salkin Slott (the "Trustee"), as Chapter 7 Trustee for the bankruptcy estate of Jeffrey Mark Gallups (the "Debtor"), by and through undersigned counsel, hereby files her *Motion for Entry of an Order Authorizing the Trustee to Sell the Debtor's Interests in Certain Life Insurance Policies*, and states in support thereof as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On March 21, 2024 (the "Petition Date"), the Debtor filed a voluntary Chapter 13 petition [ECF No. 1].

2. On April 10, 2024 (the "Conversion Date"), the Debtor filed a Notice of Voluntary Conversion [ECF #27].

3. On April 11, 2024, Sonya Salkin Slott was appointed as acting Chapter 7 Trustee [ECF #34].

4. On April 10, 2024, the Debtor filed his Initial Schedules A-J, and Statement of Financial Affairs ("Schedules") [ECF #29].

5. The Trustee has learned that the debtor is the owner of numerous life insurance policies that are insured against retired doctors of his former medical practice.

6. The life insurances are not listed on Schedule B nor claimed as exempt on Schedule C.

1

7. The Trustee has located two life insurance policies with Mass Mutual that are insured on Dr. Mark Beaty with positive net cash value:

    a. Policy ending x0257 with net cash value of $10,524.82; and

    b. Policy ending x6496 with a net cash value of $351.60 (collectively, the "Policies").[1]

8. Dr. Beaty has agreed to pay $25,000.00 to purchase the Estate's interest in the Policies, as-is-where-is, with limited representations or warranties. A copy of the executed purchase agreement ("Purchase Agreement") is attached as Exhibit "A".

9. The Trustee has been unable to locate any additional purchasers for the Policies, and has via separate motion sought the Court's authorization to terminate other, unsold policies to recover their net cash value.

10. Bankruptcy Code §363(b)(1) provides an avenue for the Trustee, after notice and a hearing, to use property of the estate other than in the ordinary course of business. This section specifically states: "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

11. Courts should approve the use of the estate property under Bankruptcy Code Section 363(b)(1) when the trustee articulates "some business justification," *In re Continental Airlines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986), or when the decision to use estate property is "good business judgment." *Matter of St. Petersburg Hotel Assoc., Ltd.*, 37 B.R. 341, 343 (Bankr. M.D. Fla. 1983) (citing *In re Schear Realty and Investment Co., Inc.* 25 B.R. 461 (S.D. Ohio 1982)); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1983); *Institutional Creditors of Cont'l Airlines v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Chateaugay Corp.,* 973 F.2d 141, 143

---

[1] The net cash values provided are good through early March but some adjustments to present net cash value may have occurred.

(2d Cir. 1992); *In re Martin,* 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)).

12.     By permitting the Trustee to sell the Policies, the Trustee would be able to collect $25,000.00 to maximize the pool of assets available for creditors of the Debtor's estate, and recover an enhanced value for the Policies through the proposed sale as opposed to terminating them.

13.     Accordingly, the Trustee respectfully requests this Court to enter an Order authorizing her (in the exercise of her business judgment) to sell the Policies upon the terms set forth in the attached Purchase Agreement, and executing any documents necessary in connection with the proposed sale.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) granting the Motion; (ii) authorizing the Trustee to sell the Policies upon the terms set forth in the attached Purchase Agreement, and to execute any documents necessary in connection with the sale; and (iii) providing such further relief as the Court may deem appropriate.

Dated: June 14, 2024

By: /s/  Zachary Malnik
Zachary Malnik, Esq.
FBN 1010272
zachary@msbankrupt.com

By: /s/  Mark Bonacquisti
Mark Bonacquisti, Esq.
FBN 703257
mark@msbankrupt.com

The Salkin Law Firm
PO Box 15580
Plantation, FL 33318
954-423-4469

# EXHIBIT A

## ASSET PURCHASE AGREEMENT

This Asset Purchase Agreement ("Agreement") is entered into this 14th day of June, 2024, by and between **Sonya Salkin Slott**, as Trustee for the Chapter 7 Bankruptcy Estate of Jeffrey Mark Gallups ("Seller") and **Dr. Mark Beaty** of 1100 Peachtree St NE, Suite 850, Atlanta, Georgia 30309 and/or his assigns ("Buyer"), for the sale of a certain asset of the Bankruptcy Estate of **Jeffrey Mark Gallups** ("Debtor").

### W I T N E S S E T H :

**WHEREAS**, the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 13 of the United States Bankruptcy Code (Title 11, United States Code) with the United States Bankruptcy Court for the Southern District of Florida ("Bankruptcy Court"), styled <u>In re Jeffrey Mark Gallups</u>, Docket Number 24-12653-SMG ("Bankruptcy Case") on March 21, 2024 ("Petition Date");

**WHEREAS**, the Debtor converted the Bankruptcy Case to a case under Chapter 7 on April 10, 2024, with Seller appointed as Chapter 7 Trustee for the Bankruptcy Estate of the Debtor on April 11, 2024;

**WHEREAS**, as of the Petition Date, the Debtor was the sole owner of Massachusetts Mutual Life Insurance Company ("MassMutual") insurance policies numbered 22310257 and 21036496 ("Policies"), with both Policies have the Buyer as the insured;

**WHEREAS**, the Seller is the duly appointed, acting and qualified Trustee in Bankruptcy of the Debtor's Bankruptcy Estate ("Bankruptcy Estate");

**WHEREAS**, the Debtor has not claimed an exemption in the Policies;

**WHEREAS**, accordingly, the Debtor's interest in the Policies is property of the Bankruptcy Estate pursuant to §541 of the Bankruptcy Code;

**WHEREAS**, the Seller wishes to sell and the Buyer wishes to purchase the Seller's right, title and interest in the Policies in accordance with the terms and conditions set forth herein;

**NOW, THEREFORE**, in consideration of the mutual covenants herein contained, the receipt and sufficiency of which is hereby acknowledged, the Seller and Buyer hereby agree as follows:

1. **Property to be Acquired**: Subject to the terms and conditions of this Agreement, the Buyer will acquire all of the Policies.

2. **Purchase Price**: The purchase price that Buyer agrees to pay to the Seller is TWENTY-FIVE THOUSAND AND 00/100 ($25,000.00) DOLLARS ("Purchase Price"), payable as follows:

(a) the Purchase Price will be delivered to the Seller upon court approval of this Agreement, but Buyer will deposit $2,500.00 with Seller upon execution of this Agreement;

(b) the $2,500.00 deposit (the "Deposit") will be held by the Seller in good funds as a deposit toward the purchase of the Policies; and

(c) the remainder of the Purchase Price will be paid to the Seller in the form of cash, certified or bank check, or wire transfer within twenty (20) days after a final Order of the Bankruptcy Court approving the sale contemplated by this Agreement ("Closing"). In the event that Buyer fails to close, it will forfeit the Deposit.

3. **Bankruptcy Court Approval**: The terms of this Agreement and the sale contemplated hereby are subject to the approval of the Bankruptcy Court in the Bankruptcy Case. Upon execution of this Agreement and receipt of the Deposit to be held in good funds by the Seller, Seller will file a motion with the Bankruptcy Court pursuant to Rule 6004-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Florida, seeking approval of this Agreement and the sale contemplated hereby ("Motion to Sell"). The Buyer acknowledges that the Seller is required to solicit higher offers for the Bankruptcy Estate's interest in the Policies in conjunction with the Motion to Sell.

4. **Bankruptcy Court Order**: The Seller will request that the Bankruptcy Court enter an Order ("Approval Order") in connection with the Motion to Sell containing, inter alia, the following provisions:

(a) Directing MassMutual to update its records to indicate that upon closing of the sale contemplated by this Agreement, the Buyer will have acquired the Debtor's interest in the Policies and that any and all payments and distributions in kind on account of interests in the Policies otherwise due to the Bankruptcy Estate will thereafter be made to the Buyer;

(b) Finding that the Buyer is a good-faith purchaser and that the transaction contemplated by this Agreement is an arms-length transaction; and

(c) Authorizing the Seller to sign any and all documents that might be necessary to complete the transfer of ownership in the Policies, whether known at the time of the entry of the Order or that might become known or necessary thereafter, and such authority will continue beyond closing.

5. **Deposit**: If Buyer is approved as the purchaser of the Policies, but fails to timely complete the sale contemplated by this Agreement, the Deposit will be forfeited. The foregoing, however, will not limit Seller's rights and remedies against Buyer for breach of this Agreement. If the Buyer is not approved as a purchaser by the Bankruptcy Court, the Buyer's Deposit will be refunded within seven (7) days after the occurrence of any of the following:

    (a) Receipt of funds for the purchase of the Policies from any party other than the Buyer; or

    (b) Entry of a final Order by the Bankruptcy Court denying the Motion to Sell.

6. **Conditions Precedent to Closing**:

    (a) That the Buyer, if required by the Bankruptcy Court to attend any hearing related the Approval Order, be allowed to do so by means of Zoom or telephone, with the Seller to reasonably endeavor to schedule such hearing at a time convenient to the Seller.

7. **Closing**: Upon closing, the Seller will perform the following:

    (a) The Seller will provide to the Buyer an executed Assignment of the Bankruptcy Estate's interest in the Policies;

    (b) The Seller will notify MassMutual in writing that under the authority of the Bankruptcy Court, the Debtor's ownership and beneficial interests in the Policies is to be changed on its books and records to the Buyer, and the Seller will provide copies of such notification to the Buyer; and

    (c) The Seller will provide to the Buyer copies of the Seller's files as they relate to the Policies.

8. **Expenses**: The Seller will bear the costs of providing all items required to sell and transfer the Policies. Otherwise, the parties hereto will bear their own expenses and legal fees.

9. **Property Sold As Is**: The Buyer acknowledges that the Seller makes no warranties or representations concerning the Policies, or the Bankruptcy Estate's interest in them, except as otherwise provided in this paragraph. The Seller is only selling her right, title and interest in the Policies, whatever they may be. **The Policies are being sold in "as is" condition.** The Buyer further specifically acknowledges that the Seller and the Seller's counsel have made no warranties or representations concerning the interpretation, construction, application, applicability, or enforceability of the Policies; **provided**, however, the Seller grants the Buyer

the expressly limited warranty that it has the ability to sell the Policies to the Buyer. The Seller shall provide MassMutual with legally sufficient notice of the Motion to Sell; any notice of hearing thereon; and of entry of the Approval Order, the terms of which will expressly authorize the Seller to sell, and the Buyer to buy, the Policies. Should MassMutual appeal the Approval Order, then within 15 days of the Buyer giving written notice to the Seller that MassMutual has in fact appealed the Approval Order, the Seller may terminate this agreement in total by written notice to the Seller, and receive a full refund of all sums already paid to the Seller.

10.     **Time of the Essence**:  Time is of the essence for the performance of this Agreement.

11.     **Construction, Venue, and Jurisdiction**: This Agreement will be construed in accordance with and be governed by the laws of the State of Florida. The Bankruptcy Court will have jurisdiction to interpret and enforce this Agreement, and this Agreement is governed by the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of Florida.

12.     **Contingencies**:  The Buyer's obligations hereunder are not subject to any financing or inspection contingencies.

13.     **Entire Agreement**: This Agreement may not be amended or modified in any respect whatsoever except by an instrument in writing signed by the parties hereto. This Agreement constitutes the entire agreement between the parties hereto with respect to the subject matter hereof. This Agreement supersedes all prior negotiations, discussions, writings, and agreements between the parties with respect to the subject matter hereof. Each party to this Agreement hereby acknowledges and agrees that the other party has made no warranties, representations, covenants, or agreements, expressed or implied, other than those expressly set forth herein. Each party participated equally in the drafting of this Agreement and no term or provision of this Agreement may be construed against either party as the sole or primary drafter of this Agreement. Each party has had the opportunity to consult with legal counsel concerning this Agreement prior to its execution.

14.     **Successors**:  All terms of this Agreement will be binding upon, inure to the benefit of, and be enforceable by the successors and assigns of the parties hereto.

15.     **Captions**: The captions of this Agreement are for convenience of reference only and will not define or limit any of the terms or provisions hereof.

16.     **Counterparts and Signatures**: This Agreement may be executed in any number of counterparts, each of which will be considered an original, but such counterparts will together constitute but one and the same instrument. Facsimile or scanned signatures will be considered as valid as originals.

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement the day first herein above written.

_____  
Witness

Seller: _____  
SONYA SALKIN SLOTT,  
AS TRUSTEE FOR THE BANKRUPTCY  
OF ESTATE OF DAVID LUNGER

_____  
Witness

Buyer: _____  
DR. MARK BEATY