UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

JEFFREY MARK GALLUPS　　　　　　　　　　　　　　　Case No. 24-12653-SMG
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
　　　　　　Debtor　　　　/

**MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE TRUSTEE TO EXERCISE ANY AND ALL RIGHTS ARISING FROM OR RELATED TO THE DEBTOR'S INTERESTS IN CERTAIN LIFE INSURANCE POLICIES**

Sonya Salkin Slott (the "Trustee"), as Chapter 7 Trustee for the bankruptcy estate of Jeffrey Mark Gallups (the "Debtor"), by and through undersigned counsel, hereby files her *Motion for Entry of an Order Authorizing the Trustee to Exercise Any and All Rights Arising from or Related to the Debtor's Interests in Certain Life Insurance Policies*, and states in support thereof as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On March 21, 2024 (the "Petition Date"), the Debtor filed a voluntary Chapter 13 petition [ECF No. 1].

2. On April 10, 2024 (the "Conversion Date"), the Debtor filed a Notice of Voluntary Conversion [ECF #27].

3. On April 11, 2024, Sonya Salkin Slott was appointed as acting Chapter 7 Trustee [ECF #34].

4. On April 10, 2024, the Debtor filed his Initial Schedules A-J, and Statement of Financial Affairs ("Schedules") [ECF #29].

5. The Trustee has learned that the debtor is the owner of numerous life insurance policies that are insured against retired doctors of his former medical practice.

1

6. The life insurances are not listed on Schedule B nor claimed as exempt on Schedule C.

7. The Trustee has located four life insurance policies with Mass Mutual that are insured on Dr. Guffin and Dr. Beaty with positive net cash value:

    a. Policy ending x8801 with net cash value of $29,450.93;

    b. Policy ending x7217 with a net cash value of $464.65;

    c. Policy ending x4696 with a net cash value of $10,558.15: and

    d. Policy ending x0000 with a net cash value of $17,192.17 (collectively, the "Policies")[1]

8. The Trustee offered to allow Dr. Guffin and Dr. Beaty to purchase the Policies, but the Dr. Guffin has declined to do so. Dr. Beaty has also declined to purchase the Policies listed hereinabove, but has decided to purchase two other policies which are the subject of a separate motion filed contemporaneously with this Motion.

9. The Trustee has been unable to locate any additional purchasers of the Policies.

10. Therefore, the Trustee wishes to surrender and/or terminate the Policies so that the Estate can recover the net cash value of the Policies in the amount of $57,665.90 for the benefit of the Estate.

11. Bankruptcy Code §363(b)(1) provides an avenue for the Trustee, after notice and a hearing, to use property of the estate other than in the ordinary course of business. This section specifically states: "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

---

[1] The net cash values provided are good through early March but some adjustments to present net cash value may have occurred.

2

12. The Debtor's interests in the Policies as of the Petition Date constitute property of the Debtor's bankruptcy estate which the Trustee may use or sell. 11 U.S.C. §§ 363, 541(a)(1). *See In re Billingsley*, 338 B.R. 372, 376 (Bankr. C.D. Ill. 2006); *Milden v. Joseph (in re Milden)*, 1997 WL 189302, at * 3 – 4 (9th Cir. 1997) (collecting cases and rejecting appeal challenging the bankruptcy court's jurisdiction to authorize a trustee's "use of property of the [individual debtors' bankruptcy] estate, *viz.*, the shares of stock in [a corporation] in order to obtain the execution of the requested [corporate] release" in favor of state court defendants in connection with a motion to compromise claims in the individual debtors' bankruptcy estate).

13. As a result, the Trustee seeks authorization to exercise the full extent of the Debtor's rights as policy holder, as permitted under Bankruptcy Code Section 363(b)(1).

14. Courts should approve the use of the estate property under Bankruptcy Code Section 363(b)(1) when the trustee articulates "some business justification," *In re Continental Airlines, Inc.,* 780 F.2d 1223, 1226 (5th Cir. 1986), or when the decision to use estate property is "good business judgment." *Matter of St. Petersburg Hotel Assoc., Ltd.*, 37 B.R. 341, 343 (Bankr. M.D. Fla. 1983) (citing *In re Schear Realty and Investment Co., Inc.* 25 B.R. 461 (S.D. Ohio 1982)); *Comm. Of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1070 (2d Cir. 1983); *Institutional Creditors of Cont'l Airlines v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 780 F.2d 1223, 1226 (5th Cir. 1986); *In re Chateaugay Corp.,* 973 F.2d 141, 143 (2d Cir. 1992); *In re Martin,* 91 F.3d 389, 395 (3d Cir. 1996) (citing *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)).

15. By permitting the Trustee to exercise any and all rights arising from or related to the Policies, the Trustee would be able to collect $57,665.90 to maximize the pool of assets

available for creditors of the Debtor's estate and further delay in terminating the Policies may cause the dilution in the net cash value of the Policies.

16. Accordingly, the Trustee respectfully requests this Court to enter an Order authorizing her (in the exercise of her business judgment) to terminate and/or surrender the Policies; executing any documents necessary to achieve the same; and collect the net cash value of the Policies.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) granting the Motion; (ii) authorizing the Trustee to terminate and/or surrender the Policies, execute any necessary documents, and collect the net cash value of the Policies; and (iii) providing such further relief as the Court may deem appropriate.

Dated: June 14, 2024

By:/s/ Zachary Malnik
Zachary Malnik, Esq.
FBN 1010272
zachary@msbankrupt.com

By: /s/ Mark Bonacquisti
Mark Bonacquisti, Esq.
FBN 703257
mark@msbankrupt.com

The Salkin Law Firm
PO Box 15580
Plantation, FL 33318
954-423-4469

4