UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

JEFFREY MARK GALLUPS                              Case No. 24-12653-SMG
                                                  Chapter 7
_____Debtor_____/

**TRUSTEE'S *EX PARTE* MOTION TO EXPAND SCOPE OF ORDER GRANTING TRUSTEE'S MOTION FOR ENTRY OF ORDER AUTHORIZING THE TRUSTEE TO EXERCISE ANY AND ALL RIGHTS ARISING FROM OR RELATED TO THE DEBTOR'S INTERESTS IN CERTAIN LIFE INSURANCE POLICIES [ECF 80]**

Sonya Salkin Slott (the "Trustee"), as Chapter 7 Trustee for the bankruptcy estate of Jeffrey Mark Gallups (the "Debtor"), by and through undersigned counsel, hereby files her *Trustee's Ex Parte Motion To Expand Scope Of Order Granting Trustee's Motion For Entry Of Order Authorizing The Trustee To Exercise Any And All Rights Arising From Or Related To The Debtor's Interests In Certain Life Insurance Policies [ECF 80]*, and states in support thereof as follows:

**PROCEDURAL AND FACTUAL BACKGROUND**

1. On June 14, 2024, the Trustee filed her *Motion For Entry Of An Order Authorizing The Trustee To Exercise Any And All Rights Arising From Or Related To The Debtor's Interests In Certain Life Insurance Policies* [ECF #74] (the "Prior Motion"), the complete terms of which are incorporated herein by reference.

2. As stated in the Prior Motion, its purpose was to allow the bankruptcy estate to recover the cash surrender value of certain life insurance policies that had been owned by the Debtor on the Petition Date. *See* Prior Motion at ¶¶ 5-7, 10, 15.

3. This Court granted the Prior Motion by its *Order Granting Trustee's Motion For Entry Of Order Authorizing The Trustee To Exercise Any And All Rights Arising From Or Related To The Debtor's Interests In Certain Life Insurance Policies* [ECF #80] (the "Prior Order")

1

4. Now, the Trustee has learned that the Debtor was the owner of four *additional* life insurance policies at Mass Mutual (the "Newly Found Policies") that would have fallen within the scope of the Prior Motion had they been known to the Trustee at the time the Prior Motion was filed.

5. The Newly Found Policies are not listed on Schedule B nor claimed as exempt on Schedule C.

6. Specifically, the Newly Found Policies are as follows, with the insured listed parenthetically:

   a. Policy ending x2308 with net cash value of $17,194.74 (Daniel Gallups);

   b. Policy ending x2339 with a net cash value of $16,322.63 (Mark Gallups);

   c. Policy ending x5195 with a net cash value of $491.32 (Phillip Flexon): and

   d. Policy ending x1928 with a net cash value of $1,718.09 (Phillip Flexon)[1]

7. For the reasons stated, and upon the legal basis set forth, in the Prior Motion the Trustee now wishes to expand the scope of the Prior Order to encompass the Newly Found Policies, so the bankruptcy estate may recover their approximately $35,726.78 in aggregate cash surrender value.

8. Out of an abundance of caution, to the extent the relief requested herein may be deemed a request for relief under FRCP 60 as incorporated by FRBP 9024, the Trustee maintains that this Motion satisfies the following elements of FRCP 60, which are stated in the disjunctive:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;

---

[1] The net cash values provided are subject to minor fluctuation before termination.

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
...
or
(6) any other reason that justifies relief.

9.      This Motion satisfies element (1) in that the existence of the Newly Found Policies constituted surprise to the Trustee; element (2) is satisfied in that the Newly Found Policies were, notwithstanding the exercise of reasonable diligence by the Trustee, not known by the Trustee prior to the filing of the Prior Motion, in that they were not in the books and records of the Debtor, nor otherwise communicated by Mass Mutual to the Trustee until recently; and element (6) is satisfied in that the surrender of the Newly Found Policies constitutes a substantial recovery to the bankruptcy estate without the incurring of any substantial administrative expense.

10.     By permitting the Trustee to exercise any and all rights arising from or related to the Newly Found Policies, the Trustee would be able to collect approximately $35,726.78 to maximize the pool of assets available for creditors of the Debtor's estate and further delay in terminating the Newly Found Policies may cause the dilution in the net cash value of the Newly Found Policies.

11.     Accordingly, the Trustee respectfully requests this Court to enter an Order authorizing her (in the exercise of her business judgment) to terminate and/or surrender the Newly Found Policies; executing any documents necessary to achieve the same; and collect the net cash value of the Newly Found Policies.

**WHEREFORE**, the Trustee respectfully requests this Court to enter an Order (i) granting the Motion; (ii) authorizing the Trustee to terminate and/or surrender the Newly Found Policies, execute any necessary documents, and collect the net cash value of the Newly Found Policies; and (iii) providing such further relief as the Court may deem appropriate.

Dated:  August 20, 2024

By: /s/  Zachary Malnik
Zachary Malnik, Esq.
FBN 1010272
zachary@msbankrupt.com

By: /s/ Mark Bonacquisti
Mark Bonacquisti, Esq.
FBN 703257
mark@msbankrupt.com

The Salkin Law Firm
PO Box 15580
Plantation, FL 33318
954-423-4469

4