UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:                                                                                  Case No. 24-12653-SMG

JEFFREY MARK GALLUPS                                              Chapter 7

    Debtor.
_____/

**OBJECTION TO CLAIMS**

**IMPORTANT NOTICE TO CREDITORS:**
**THIS IS AN OBJECTION TO YOUR CLAIM**

This objection seeks either to disallow, or to reduce the amount or change the priority status of, the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

If you disagree with the objection or the recommended treatment, you must file a written response **WITHIN 30 DAYS** from the date of this objection, explaining why your claim should be allowed as presently filed, and you must mail a copy to the undersigned attorney/trustee **OR YOUR CLAIM WILL BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.**

Any written response must contain the case name, case number and must be filed with the Clerk of the United States Bankruptcy Court:

**299 East Broward Boulevard, Room 112, Fort Lauderdale, FL 33301**

Pursuant to FRBP 3007 and Local Rule 3007-1, the Trustee, SONYA SALKIN SLOTT, objects to those claimants enumerated herein on the following grounds:

    1.    Claim #4 was filed on behalf of the Internal Revenue Service. The claim was filed as a multi-part claim in a total amount of $2,876,177.51, with $1,985,921.65 being claimed as secured. The Internal Revenue Service consented to the release of the secured claim as part of the

Sale Order at ECF #104 and dated December 23, 2024. Therefore, the secured portion of claim #4 should be ALLOWED as a General Unsecured Priority Claim in the amount of $1,985,921.65.

2. Claim #12 was filed on behalf of Georgia Department of Revenue. The claim was filed as a multi-part claim in a total amount of $472,316.48, with $82,698.66 being claimed as secured. The Trustee did not administer the property associated with the security interest in the claim. Therefore, the secured portion of claim #12 should be ALLOWED as a General Unsecured Priority Claim in the amount of $82,698.66.

3. Claim #15 was filed on behalf of First Horizon Bank, a Tennessee banking corporation. The claim was filed as a secured claim in the amount of $2,731,264.99 with security interest in real property. The lien has been satisfied and released, therefore, claim #15 should be DISALLOWED.

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this December 9, 2025 via U.S.P.S. Certified Mail, Internal Revenue Service, PO Box 7317, Philadelphia, PA 19101, Internal Revenue Service, c/o Scott Bessent, Acting Commissioner, 1111 Constitution Ave., NW Washington, DC 20224 ; Honorable Hayden O'Byrne, U.S. Attorney, 99 NE 4th Street, Miami, FL 33132; Civil Process Clerk, Attorney General of the United States, Southern District of Florida, 99 NE 4th Street, Miami, FL 33132 and Honorable Pam Bondi, Attorney General of the United States, U.S. Department of Justice, 950 Pennsylvania Ave NW, Washington, DC 20530; Georgia Department of Revenue, Compliance Division, 1800 Century Blvd, NE, Suite 1900, Atlanta, GA 30345; Georgia Department of Revenue, c/o Frank O'Connell Commissioner, 2595 Century Parkway NE, Suite 339, Atlanta, GA 30345; First Horizon Bank, c/o Melissa Campbell, PO Box 1549, Orlando, FL 32802, First Horizon Bank c/o Bryan Jordan,

President, 165 Madison Avenue, Memphis, TN 38103 and served ECF to Debtor's attorney and the US Trustee's Office, 51 SW 1st AVE., Rm 1204, Miami, FL 33130.

                                      /s/ Sonya Salkin Slott
                                           Sonya Salkin, Slott, Trustee
                                           P.O. Box 15580
                                           Plantation, FL 33318
                                           (954) 423-4469
                                           sonya@msbankrupt.com