# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

JEFFREY MARK GALLUPS                      CASE NO. 24-12653-SMG

                                             Chapter 7

_____ Debtor _____/

## SUMMARY OF FINAL FEE APPLICATION OF
## THE SALKIN LAW FIRM, P.A., ATTORNEYS FOR THE TRUSTEE

1. Name of Applicant:                             The Salkin Law Firm, P.A.

2. Role of Applicant:                                 Attorney for the Trustee, Sonya S. Slott

3. Name of certifying professional:            Mark Bonacquisti, Esq.

4. Date case filed:                                  March 21, 2024

5. Date of order approving employment:      April 15, 2024

### IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:

6. Period for this Application:

7. Amount of Compensation Sought:

8. Amount of Expense Reimbursement Sought:

### IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:

9. Total Amount of Compensation Sought during case: $69,620.50

10. Total Amount of Expense Reimbursement Sought during case: $748.85

11. Amount of Original Retainer(s). Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received: N/A

12. Current Balance of Retainer(s): N/A

13. Last monthly operating report filed (Month/Year and ECF No.): N/A

14. If case is a Chapter 11, current funds in the Chapter 11 estate: N/A

15. If case is a Chapter 7, current funds held by Chapter 7 trustee: $475,841.69

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:

JEFFREY MARK GALLUPS                                    CASE NO. 24-12653-SMG
                                                       Chapter 7

_____ Debtor _____/

## FIRST AND FINAL FEE APPLICATION OF
## THE SALKIN LAW FIRM, P.A., ATTORNEYS FOR THE TRUSTEE

The law firm of Salkin Law Firm, P.A., Attorneys for the Trustee, and Mark Bonacquisti, Esq. ("Applicants"), counsel to Sonya S. Slott, Chapter 7 Trustee, (the "Trustee"), applies for final compensation for fees for services rendered and costs incurred in this Chapter 7 proceeding.  This application is filed pursuant to 11 U.S.C. § 330 and Fed. R. Bank. P. 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1. The exhibits attached to this application, pursuant to the Guidelines, are:

Exhibits "1"- Summary of Professional and Paraprofessional Time.

Exhibit "2" - Summary of Requested Reimbursements of Expenses.

Exhibit "3" - The Applicant's complete time records, in chronological order.

The Applicants believe that the requested fee of $69,620.50 for 153.7 hours worked is reasonable considering the twelve factors enumerated in *Norman v. Housing Authority of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988) (*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974))[1], as follows:

1. <u>The Time and Labor Required</u>: The actual time records maintained by the attorney performing services for the Trustee and the estate fully document the hours

expended by Applicants in performing professional services on behalf of the Trustee.

This case was filed, initially as a Chapter 13, by an admitted healthcare fraudster, who was ultimately sentenced to 33 months in federal prison for his role in a criminal scheme involving others (https://www.justice.gov/usao-ndga/pr/former-georgia-insurance-commissioner-sentenced-prison). The immediate impetus for the filing was an apparent effort to somehow blunt a then-ongoing Georgia state court receivership. That receivership had been initiated by the ex-wife of the debtor, and was intended to undo various *other* nefarious acts of the debtor that were designed to frustrate her marital rights in property of the debtor. The very earliest filings in this case, while still in Chapter 13 (a period which lasted only 18 days), make this abundantly clear. *See* ECFs 9 and 12.

It was into this fray that the Trustee was thrust. Her need for the immediate assistance of counsel could not have been more obvious. The Applicant was called upon to get fully up to speed regarding this tangled web as soon as possible. The Applicant's very first acts were to establish wide-ranging and frank communications, through their counsel, with the Georgia state court receiver, S. Gregory Hays, and the debtor's ex-wife, Dr. Nancy Jennings, among others. As might be expected, the very first issues on the table concerned how the bankruptcy case would interface with the receivership that was being overseen by Mr. Hays. Fortunately, because of the good faith those involved, including Dr. Jennings, these issues ultimately were successfully resolved. As evidenced by the claims eventually filed in this case, it soon became apparent that, at the end of day, this case would be administered almost exclusively for the benefit of Dr. Jennings (proofs of claim 13 and 14, asserting domestic support obligations approaching $12,000,000.00 in total), and the

government of the United States, which had obtained a judgment against the Debtor that included criminal monetary penalties (proof of claim 17).

To achieve this end, the Applicant, at the direction of Trustee, undertook prompt efforts to liquidate those assets of the debtor that fell within her purview (as opposed to those assets, not directly held by the Debtor, that were properly with the realm of the Georgia receivership). The first such effort involved an agreed resolution with the state court receiver for the turnover of $24,444.00 in funds as property of the bankruptcy estate. *See* ECFs 44 and 47. More significantly, the Trustee, aided by the Applicant, undertook the sale of the debtor's luxury beachfront property. *See* ECFs 51, 52, 72, 90, 91, 96, 97, and 104. As shown by the Trustee's Report of Sale [ECF 106], this sale (at $3,600,000.00), after the payment of secured claims and closing costs, netted the bankruptcy estate $358,151.06, the largest component of this bankruptcy estate.  The Applicant undertook significant efforts to get the DOJ to reduce substantially its restitution lien on the property in order to enable a distribution to creditors.

The efforts of the Applicant did not stop there, however. Applicant pursued an aggressive course of trying to monetize various interests in life insurance policies held by the Debtor. First, the Trustee, through Applicant, sold two such interests for $25,000.00. *See* ECFs 72 and 79. Then, upon uncovering other, unscheduled life insurance policy interests, amounting to $57,665.90 in cash surrender value, the Trustee, through Applicant, sought and received bankruptcy court approval to exercise her rights to obtain such surrender value. *See* ECF 74 and 80. But the work of the Applicant was not finished, having uncovered yet another batch of unscheduled life insurance policy interests, representing another $35,726.78 in cash surrender value. Once again, the Trustee sought and received

bankruptcy court approval to exercise her cash surrender rights. In the aggregate, these life insurance policy recoveries constitute the second largest component of this bankruptcy estate.

Obviously, in a case of this nature, the Applicant undertook a vast number of communications and negotiations with all manner of parties, as reflected by the time records attached to this Application. A case that had the potential for numerous intense disputes, was largely peaceable and orderly. This result would not have been possible without the good-faith cooperation of Mr. Hays, Dr. Jennings, and the United States Department of Justice, and their respective counsel. It also would not have possible without the efforts of the Applicant, who guided the Trustee through the difficult legal waters of this case. As a result of the Applicant's efforts, the Trustee has maximized recovery to the Estate and will be able to make a meaningful distribution to creditors.

2. <u>The Novelty and Difficulty of the Services Rendered</u>: The aforesaid services took considerable skill and perseverance unique to a practitioner well versed in debtor/creditor and bankruptcy work.

3. <u>The Skill Requisite to Perform the Services Properly</u>: Applicants were required to possess substantial legal skill and experience in the areas of bankruptcy, business reorganization, commercial law, secured transactions, collection law, litigation, and negotiation to perform the services and obtain the results described herein.

4. <u>The Preclusion of Other Employment by the Professional Due to the Acceptance of the Case</u>:  Applicants are not aware of employment which was precluded by the acceptance of this case. However, had Applicants not accepted this case, the time spent on this case might have been devoted to other matters paying substantial hourly

compensation on a current basis.

5.    <u>The Customary Fee</u>: Applicants are normally compensated on an hourly basis for professional time and customarily bill commercial clients on a monthly basis based on hourly rates scaled from $85.00-$135.00 per hour for paraprofessional to $275.00-500.00 per hour for partners.

6.    <u>Whether the Fee is Fixed or Contingent</u>: As Court-approved counsel for the Trustee, Applicants' compensation for handling this matter is entirely contingent upon, and subject to, such award as this Court may allow. In this regard, however, Applicants ask the Court take into account the substantial time and effort expended, the skill and diligence displayed, and the favorable results achieved.

7.    <u>Time Limitations Imposed by the Client or Other Circumstances</u>: Applicants were mindful of the desires of the Trustee to complete administration of this case expeditiously.

8.    <u>The Experience, Reputation, and Ability of the Professional</u>: Applicants enjoy a fine reputation and have proven substantial ability in the fields of bankruptcy.

Sonya S. Slott has served on the panel of chapter 7 bankruptcy trustees for the Southern District of Florida for 18 years. She also serves as operating trustee in chapter 11 cases and as a receiver in state court litigation. Mrs. Slott's practice concentrates on bankruptcy representation of debtors, creditors, trustees and litigants in bankruptcy litigation and appeals. She has been a member of the Florida Bar since 1986 and is a member of the Bankruptcy Bar Association for the Southern District of Florida.  She is also a member of the Eleventh Circuit Court of Appeals. Mrs. Slott is admitted to practice in the United State District Courts and Bankruptcy Courts for the Southern, Middle, and

Northern Districts of Florida. She graduated from Washington University School of Law.

Mark Bonacquisti is an attorney at the Salkin Law Firm, P.A. specializing in Bankruptcy and general Commercial Law. He is a member of the Florida Bar in both the Middle District of Florida and the Southern District of Florida. He is a 1987 graduate with honors from the University of Florida, where he was a member of the Law Review and Order of the Coif. Since that time Mr. Bonacquisti has practiced continuously in the Southern District of Florida, for 12 years in Miami, and since 2000, in Fort Lauderdale.

Zachary Malnik is an attorney at the Salkin Law Firm, P.A. specializing in Bankruptcy and general Commercial Law. He is a member of the Florida Bar in both the Northern District of Florida and the Southern District of Florida. He is a 2018 graduate with honors from the University of Florida, where he was Executive Student Works Editor of the Florida Journal of International Law.  Since that time Mr. Malnik has practiced continuously in the Northern and Southern District of Florida.

9.  The "Undesirability" of the Case:  The instant case was not undesirable, and Applicants were extremely proud to have had the privilege of serving the Trustee, and the Court in this proceeding.

10.  The Nature and Length of the Professional Relationship of the Client: Applicants have frequently served as counsel to Debtors, Creditors, and Trustees in other proceedings under the Bankruptcy Code.  Mark Bonacquisti has been a bankruptcy practitioner regularly practicing before this Court since 2001.

11.  Awards in Similar Cases: The amount prayed for by Applicants is not unreasonable in terms of awards in similar cases where comparable results have been obtained through the diligence and skill of counsel. The fees requested by Applicants,

computed at the rate of $450.00-$500.00 per hour for Mark Bonacquisti and $200.00-$380.00 per hour for other Associates and $85.00- $150.00 for paralegal/administrative, comport with the economic spirit of the Bankruptcy Code. Applicants respectfully pray this Court take notice that Applicants occupy extensive and expensive offices in a prime commercial location in Plantation, Florida, with extensive electronic library facilities, sophisticated office equipment, including word processors and computers, and support personnel. Consequently, a substantial portion of such hourly fees as may be awarded by this Court will merely defray substantial overhead charges and expenses already incurred and paid in cash during the time of this proceeding.

WHEREFORE, Applicants seek an award of final fees in the amount of $69,620.50 and costs in the amount of $748.85 for a total of $70,369.35 and for such other relief as the Court deems just and proper.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of this application, with all exhibits, was served on March 12, 2025 to all parties on the attached service list (i) via First Class U.S. Mail; or (ii) via the court's CM/ECF electronic notification system.

By:    <u>Mark Bonacquisti, Esq.</u>
Mark Bonacquisti, Esq.
FLBN 0703257

The Salkin Law Firm
Attorney for the Trustee
P.O. Box 15580
Plantation, FL 33318
954-423-4469
mark@msbankrupt.com

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Mark Bonacquisti**    mark@msbankrupt.com,
  sonya@msbankrupt.com;kristen@msbankrupt.com;mbbankruptcy@gmail.com;Zachary
  @msbankrupt.com;salkinlawfirmpa@gmail.com
- **Melissa A. Campbell**    mcampbell@bakerdonelson.com,
  achentnik@bakerdonelson.com;kwilliams@bakerdonelson.com;bkcts@bakerdonelson.co
  m
- **Leslie B Gomez**    ecfflsb@aldridgepite.com, lgomez@ecf.courtdrive.com
- **Michael F Holbein**    mholbein@sgrlaw.com
- **Zachary Malnik**    zachary@msbankrupt.com,
  Kristen@msbankrupt.com;mark@msbankrupt.com;salkinlawfirmpa@gmail.com
- **Catrina Humphrey Markwalter**    cmarkwalter@clarkhill.com, rahuja@clarkhill.com
- **James R McCachren**    jmccachren@sgrlaw.com,
  dhsmith@sgrlaw.com;bhall@sgrlaw.com;bwheeler@sgrlaw.com
- **Wanda D Murray**    wanda.murray@usdoj.gov, WMurray@ecf.courtdrive.com
- **Mitchell J. Nowack**    ecf@nowackolson.com,
  mjnmyecfmail@gmail.com;tabitha@nowackolson.com;r53443@notify.bestcase.com
- **Office of the US Trustee**    USTPRegion21.MM.ECF@usdoj.gov
- **John K Rezac**    jrezac@taylorduma.com
- **Sonya Salkin Slott**    sonya@msbankrupt.com,
  FL41@ecfcbis.com;sls1@trustesolutions.net;mark@msbankrupt.com;Kristen@msbankru
  pt.com;sls@msbankrupt.com;trusteesalkin@msbankrupt.com;Zachary@msbankrupt.com
  ;salkinlawfirmpa@gmail.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

> **Broward County**
> Attn: Bankruptcy Section
> 115 S. Andrews Ave.
> Room A-100
> Ft. Lauderdale, FL 33301
>
> **Lamar Fisher**
> Fisher Auction Co.,
> 2112 East Atlantic Blvd
> Pompano Beach, FL 33062

**Soneet R Kapila**
KapilaMukamal
1000 S Federal Hwy #200
Fort Lauderdale, FL 33316

**John K. Rezac**
1600 Parkwood Circle,
Suite 200
Atlanta, GA 30339

<u>CERTIFICATION</u>

1.  I have been designated by The Salkin Law Firm, P.A. (the "Applicant") as the professional with responsibility in this case for compliance with the Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases (the "Guidelines").

2.  I have read the Applicant's application for compensation and reimbursement of expenses (the "Application"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3.  The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4.  In seeking reimbursement for the expenditures described on Exhibit 2, the Applicant is seeking reimbursement only for the actual expenditure and has not marked up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.  In seeking reimbursement for any service provided by a third party, the

Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

      6.   The following are the variances with the provisions of the Guidelines, the date of each court order approving the variance, and the justification for the variance: NONE

Dated: March 12, 2026                By:    <u>Mark Bonacquisti, Esq.</u>
                                            Mark Bonacquisti, Esq.
                                            FLBN 0703257

                                          The Salkin Law Firm
                                          Attorney for the Trustee
                                          P.O. Box 15580
                                          Plantation, FL 33318
                                          954-423-4469
                                          mark@msbankrupt.com

## EXHIBIT "1"

### Summary of Professional and Paraprofessional Time
### Total per Individual for this period only

| Name | Shareholder or Associate | Year Licensed | Total Hours | Hourly Rate | Fee |
|------|--------------------------|---------------|-------------|-------------|-----|
| Mark Bonacquisti | Associate | 1987 | 59.0 | $500.00 | $29,500.00 |
| Zachary Malnik | Associate | 2018 | 80.4 | $475.00 | $38,190.00 |
| Kristen Myers | Paralegal | | 14.3 | $135.00 | $1,930.50 |

**Total Hours:**                                         **153.7**

**Average "Blended" Hourly Rate:**            **$452.96**

**Total Fees:**                                       **$69,620.50**

**Exhibit "1-B"**
**Summary of Professional and Paraprofessional Time by**
**Activity Code Category for this Time Period Only**

Activity Code: Asset Analysis and Recover

| Name | Hourly Rate | Total Hours | Fee |
|---|---|---|---|
| Mark Bonacquisti | $500.00 | 58.3 | $29,150.00 |
| Zachary Malnik | $475.00 | 79.7 | $37,857.50 |
| Kristen Myers | $135.00 | 13.3 | $1,795.50 |
| **Activity Subtotal** | | **151.3** | **$68,803.00** |

Activity Code: Case Administration

| Name | Hourly Rate | Total Hours | Fee |
|---|---|---|---|
| Zachary Malnik | $475.00 | 0.7 | $332.50 |
| **Activity Subtotal** | | **0.7** | **$332.50** |

Activity Code: Fee/Employment Applications

| Name | Hourly Rate | Total Hours | Fee |
|---|---|---|---|
| Mark Bonacquisti | $500.00 | 0.7 | $350.00 |
| Kristen Myers | $135.00 | 1.0 | $135.00 |
| **Activity Subtotal** | | **1.7** | **$485.00** |

**Exhibit "2"**
**Summary of Requested Reimbursement of Expenses**
**for this Time Period Only**

| | |
|---|---|
| Filing Fees | $199.00 |
| Process Services Fees | $0.00 |
| Witness Fees | $0.00 |
| Court Reporter Fees and Transcripts | $0.00 |
| Lien and Title Searches | $0.00 |
| Photocopies<br>  (a) In-house copies @0.15/page<br>  (b) Outside copies (includes photo copies and postage<br>      invoices from third party copy service) | $122.85<br>$0.00 |
| Postage | $331.80 |
| Overnight Delivery Charge | $95.20 |
| Outside Courier/Messenger Services | $0.00 |
| Long Distance Telephone Charges | $0.00 |
| Long Distance Fax Transmissions ($1.00/page) | $0.00 |
| Computerized Research | $0.00 |
| Out of Southern District of Florida Travel<br>  (a) Transportation: $_____<br>  (b) Lodging: $_____<br>  (c) Meals: $_____ | $0.00<br>$0.00<br>$0.00 |
| Other Permissible Expenses | $0.00 |

**Total Expenses Reimbursement Requested:**　　　　**$748.85**

IN REFERENCE TO:   Jeffrey Mark Gallups – 24-12653-SMG

| DATE | PROFESSIONAL | RATE | HOURS | AMOUNT | TOTAL |
|------|--------------|------|-------|--------|-------|
| **B110 Case Administration** | | | | | |
| 08/06/2025 | Malnik,Zachary Respond to questions from DC | 475.00 | 0.30 | $142.50 | Billable |
| 08/12/2025 | Malnik,Zachary Email with DC re: claim priority | 475.00 | 0.40 | $190.00 | Billable |
| | **SUBTOTAL:** | | **0.70** | | **$332.50** |
| **B120 Asset Analysis and Recovery.** | | | | | |
| 04/11/2024 | Bonacquisti,Mark emergency action for case converted this moring ; prepare for and physically attend emergency hearing scheduled this afternoon; numerous calls and emails regarding same with counsel for the debtor, the receiver, etc. | 500.00 | 7.00 | $3,500.00 | Billable |
| 04/11/2024 | Malnik,Zachary Review docket and numerous pleading from emergency conversion; numerous calls and emails with debtor and receiver counsel | 475.00 | 6.00 | $2,850.00 | Billable |
| 04/12/2024 | Bonacquisti,Mark multiple emails, calls with numerous parties re various issues arising in | 500.00 | 6.00 | $3,000.00 | Billable |

new case; reserach re
same

| 04/12/2024 | Malnik,Zachary<br>Numerous calls and<br>email re: asset and<br>conversion issues | 475.00 | 2.50 | $1,187.50 | Billable |
| 04/15/2024 | Bonacquisti,Mark<br>calls with various parties;<br>arrange conference calls<br>Wednesday with receiver<br>and counsel. calls with<br>debtor counsel and calls<br>with Jennings | 500.00 | 1.80 | $900.00 | Billable |
| 04/15/2024 | Malnik,Zachary<br>Emails with L Johnson<br>re: tax issues (.6); calls<br>with Jennings and debtor<br>counsel (.7) | 475.00 | 1.30 | $617.50 | Billable |
| 04/16/2024 | Bonacquisti,Mark<br>13 emails, several calls<br>re case, in advance of 3<br>conference calls<br>tomorrow- review<br>materials from receiver | 500.00 | 3.70 | $1,850.00 | Billable |
| 04/16/2024 | Malnik,Zachary<br>Review large production<br>and report for receiver;<br>emails re: same | 475.00 | 3.50 | $1,662.50 | Billable |
| 04/17/2024 | Malnik,Zachary<br>Conference call with<br>receiver and his counsel;<br>call with DC and state<br>court counsel; emails re:<br>same (2.7); review<br>urgent matters re: life<br>insurance policies (1) | 475.00 | 3.70 | $1,757.50 | Billable |

| 04/17/2024 | Bonacquisti,Mark conference call with reicever and his counsel; call with debtor's bankruptcy and civil counsel; emails re same; calls with trustee | 500.00 | 3.20 | $1,600.00 | Billable |
|---|---|---|---|---|---|
| 04/17/2024 | Myers,Kristen revise motion for turnover | 135.00 | 0.60 | $81.00 | Billable |
| 04/18/2024 | Bonacquisti,Mark 12 emails with various parties and counsels re follow up to calls; draft proposed turnover motion and order for funds by receiver; revisions to 363 motion for policies | 500.00 | 3.50 | $1,750.00 | Billable |
| 04/18/2024 | Malnik,Zachary Email with DC re: non-exempt assets (.8); numerous emails/calls re; life insurance sale (2.5) | 475.00 | 3.20 | $1,520.00 | Billable |
| 04/18/2024 | Myers,Kristen finalize and file motion for turnover/order | 135.00 | 0.50 | $67.50 | Billable |
| 04/18/2024 | Malnik,Zachary Review and revise 363 motion and 542 motion | 475.00 | 0.90 | $427.50 | Billable |
| 04/18/2024 | Myers,Kristen revise 363 Guffin motion | 135.00 | 0.60 | $81.00 | Billable |
| 04/19/2024 | Bonacquisti,Mark deal with NDA, APA issues (calls with | 500.00 | 1.50 | $750.00 | Billable |

| Date | Description | Rate | Hours | Amount | Status |
|---|---|---|---|---|---|
| | Trustee) , emails with Receiver's counsel | | | | |
| 04/19/2024 | Malnik,Zachary<br>emails to L Johnson re: tax issues (.6); emails re: life insurance sale (.7) | 475.00 | 1.30 | $617.50 | Billable |
| 04/22/2024 | Myers,Kristen<br>draft motion to pay | 135.00 | 0.40 | $54.00 | Billable |
| 04/22/2024 | Malnik,Zachary<br>Emails with bank counsel re: insurance issues | 475.00 | 0.40 | $190.00 | Billable |
| 04/22/2024 | Bonacquisti,Mark<br>emails, calls re order received today | 500.00 | 0.50 | $250.00 | Billable |
| 04/23/2024 | Bonacquisti,Mark<br>emails with Receiver; call with Trustee | 500.00 | 0.80 | $400.00 | Billable |
| 04/24/2024 | Myers,Kristen<br>draft notice of abandonment | 135.00 | 0.30 | $40.50 | Billable |
| 04/24/2024 | Bonacquisti,Mark<br>multiple emails upcoming state court hearing; draft emergency motion on abandonment and research re same; emails counsel for Jennings, call with Trustee | 500.00 | 2.20 | $1,100.00 | Billable |
| 04/24/2024 | Malnik,Zachary<br>Numerous calls and emails re emergency motion to abandon | 475.00 | 2.30 | $1,092.50 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| 04/24/2024 | Myers,Kristen revisions to emergency abandonment | 135.00 | 0.20 | $27.00 | Billable |
| 04/25/2024 | Bonacquisti,Mark emails, conference call with cousnel for Jennings, call with Trustee | 500.00 | 1.20 | $600.00 | Billable |
| 04/25/2024 | Myers,Kristen revisions to motion to pay and drafting order | 135.00 | 0.70 | $94.50 | Billable |
| 04/27/2024 | Malnik,Zachary Emails re: life insurance | 475.00 | 0.50 | $237.50 | Billable |
| 04/29/2024 | Bonacquisti,Mark review responses filed in Georgia state court, call with trustee | 500.00 | 1.00 | $500.00 | Billable |
| 05/02/2024 | Malnik,Zachary Attend hearing in state court GA case; email with receiver re: same | 475.00 | 1.60 | $760.00 | Billable |
| 05/03/2024 | Bonacquisti,Mark draft asset purchase agreement, research re same | 500.00 | 2.20 | $1,100.00 | Billable |
| 05/03/2024 | Malnik,Zachary Emails to negotiate Beatty sale (.3) | 475.00 | 0.00 | $0.00 | Billable |
| 05/06/2024 | Bonacquisti,Mark emails, call, revisions to both motions on disposition of life insurance policies | 500.00 | 2.00 | $1,000.00 | Billable |

| 05/06/2024 | Malnik,Zachary Review and revise life insurance motions/APA | 475.00 | 0.80 | $380.00 | Billable |
| 05/09/2024 | Malnik,Zachary Zoom meeting with debtor and counsel; review abandonment notice; review GA case materials | 475.00 | 1.70 | $807.50 | Billable |
| 05/10/2024 | Bonacquisti,Mark follow up research from conference call | 500.00 | 1.10 | $550.00 | Billable |
| 05/28/2024 | Bonacquisti,Mark emails, call re objection filed by receiver | 500.00 | 1.20 | $600.00 | Billable |
| 05/29/2024 | Bonacquisti,Mark work out resolution to objection filed by receiver | 500.00 | 0.80 | $400.00 | Billable |
| 06/10/2024 | Malnik,Zachary Long email to mass mutual re; life insurance | 475.00 | 0.80 | $380.00 | Billable |
| 06/13/2024 | Bonacquisti,Mark revisions to APA re insurance, call with trustee | 500.00 | 0.60 | $300.00 | Billable |
| 06/14/2024 | Bonacquisti,Mark finalize 363 motions | 500.00 | 0.80 | $400.00 | Billable |
| 06/14/2024 | Myers,Kristen finalize APA; motions for insurance sales | 135.00 | 0.90 | $121.50 | Billable |
| 06/14/2024 | Malnik,Zachary Revise 363 motion to sell | 475.00 | 1.40 | $665.00 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| | and 363 motion to terminate | | | | |
| 06/17/2024 | Bonacquisti,Mark draft NDA re insurance policiesl emails re same issues, emails with ML Bailey | 500.00 | 1.80 | $900.00 | Billable |
| 06/18/2024 | Bonacquisti,Mark emails with John Marshall, prepare NDA | 500.00 | 1.10 | $550.00 | Billable |
| 06/18/2024 | Malnik,Zachary Send buyer DD docs on life insurance | 475.00 | 0.40 | $190.00 | Billable |
| 06/25/2024 | Malnik,Zachary Call with bank counsel re: property sale (.4); email with Jennings counsel re: asset sales (.2) | 475.00 | 0.60 | $285.00 | Billable |
| 07/05/2024 | Malnik,Zachary Review updated cash values; emails re: same | 475.00 | 0.40 | $190.00 | Billable |
| 07/09/2024 | Bonacquisti,Mark prepare for hearing tomorrow | 500.00 | 1.50 | $750.00 | Billable |
| 07/10/2024 | Bonacquisti,Mark attend hearings, prepare resulting order | 500.00 | 2.50 | $1,250.00 | Billable |
| 07/18/2024 | Myers,Kristen draft 2004 notice, ROP and subpoena | 135.00 | 1.40 | $189.00 | Billable |
| 07/25/2024 | Malnik,Zachary Draft ROP | 475.00 | 0.50 | $237.50 | Billable |

| 07/26/2024 | Bonacquisti,Mark review settlement issues | 500.00 | 0.50 | $250.00 | Billable |
| 08/08/2024 | Malnik,Zachary Start review of large document production from receiver | 475.00 | 6.00 | $2,850.00 | Billable |
| 08/09/2024 | Malnik,Zachary Continue review of large document production from receiver | 475.00 | 2.50 | $1,187.50 | Billable |
| 08/12/2024 | Malnik,Zachary Email to bank counsel re: sale | 475.00 | 0.30 | $142.50 | Billable |
| 08/16/2024 | Bonacquisti,Mark call with trustee, draft motion and order on newly found insurance policies | 500.00 | 2.00 | $1,000.00 | Billable |
| 08/16/2024 | Malnik,Zachary Numerous email with Mass Mutual and MB re: life insurance issues | 475.00 | 1.70 | $807.50 | Billable |
| 08/20/2024 | Myers,Kristen revisions to motion/order to expand scope | 135.00 | 0.90 | $121.50 | Billable |
| 08/22/2024 | Myers,Kristen draft notice of abandonment of policies | 135.00 | 0.70 | $94.50 | Billable |
| 09/17/2024 | Bonacquisti,Mark long call with Vanessa Loe, AUSA, re efforts to voluntarily reduce DOJ claim against real estate, call with trustee re same | 500.00 | 1.50 | $750.00 | Billable |

| 10/03/2024 | Malnik,Zachary<br>Call with reciever and counsel; emails re: same | 475.00 | 0.70 | $332.50 | Billable |
|---|---|---|---|---|---|
| 10/04/2024 | Malnik,Zachary<br>Reconcile receiver life insurance excess | 475.00 | 0.00 | $0.00 | Billable |
| 10/11/2024 | Myers,Kristen<br>finalize reimbursement motions | 135.00 | 0.80 | $108.00 | Billable |
| 10/11/2024 | Bonacquisti,Mark<br>revisions to motion | 500.00 | 0.40 | $200.00 | Billable |
| 10/15/2024 | Bonacquisti,Mark<br>call with trustee re call from Brian Hall | 500.00 | 0.50 | $250.00 | Billable |
| 10/16/2024 | Bonacquisti,Mark<br>call with Brian Hall, counsel for Nancy. follow up by email, call with trustee | 500.00 | 1.50 | $750.00 | Billable |
| 10/23/2024 | Bonacquisti,Mark<br>research re Brian Hall inquiry, email to same | 500.00 | 0.60 | $300.00 | Billable |
| 11/11/2024 | Malnik,Zachary<br>Emails re: RE sale and closing issues (.6); long email to AUSA re: carveout (2.5) | 475.00 | 3.10 | $1,472.50 | Billable |
| 11/13/2024 | Malnik,Zachary<br>Email with receiver | 475.00 | 0.60 | $285.00 | Billable |
| 11/18/2024 | Malnik,Zachary<br>Call with AUSA; email to Ross re: draft HUD | 475.00 | 1.50 | $712.50 | Billable |
| 11/18/2024 | Bonacquisti,Mark<br>long call with Vanessa | 500.00 | 2.00 | $1,000.00 | Billable |

| | | | | | |
|---|---|---|---|---|---|
| | Leo re DOJ claims issue; call with Trustee; emails re same | | | | |
| 11/21/2024 | Malnik,Zachary<br>Review draft HUD; email to AUSA re: same | 475.00 | 0.90 | $427.50 | Billable |
| 11/26/2024 | Malnik,Zachary<br>Email to Ross re: sale closing issues (.7); draft 363 motion (3) | 475.00 | 3.70 | $1,757.50 | Billable |
| 11/26/2024 | Myers,Kristen<br>revise motion to sell; draft motion and order to shorten notice | 135.00 | 1.50 | $202.50 | Billable |
| 11/26/2024 | Bonacquisti,Mark<br>revisions to motion to approve sale, shorten notice, call re same | 500.00 | 0.80 | $400.00 | Billable |
| 11/27/2024 | Malnik,Zachary<br>Emails re: sale issues; revise motion to shorten notice | 475.00 | 0.70 | $332.50 | Billable |
| 11/27/2024 | Myers,Kristen<br>finalize and file sale motion; finalize and file motion to shorten notice | 135.00 | 0.40 | $54.00 | Billable |
| 12/04/2024 | Myers,Kristen<br>draft 363 order | 135.00 | 0.70 | $94.50 | Billable |
| 12/04/2024 | Malnik,Zachary<br>Draft 363 order (2.5): email to AUSA re: sale closing (.6) | 475.00 | 3.10 | $1,472.50 | Billable |
| 12/05/2024 | Malnik,Zachary<br>Revise 363 order (1); email to bank counsel re: | 475.00 | 2.90 | $1,377.50 | Billable |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  | sale (.6); email to Ross re; title committment issues (1.3) |  |  |  |  |
| 12/06/2024 | Malnik,Zachary Email to AUSA re: 363 order | 475.00 | 0.40 | $190.00 | Billable |
| 12/09/2024 | Bonacquisti,Mark research, email re issues for upcoming hearing | 500.00 | 0.50 | $250.00 | Billable |
| 12/10/2024 | Malnik,Zachary Prepare for hearing on 363 motion (2); numerous calls and emails re: sale and closing issues (2.5) | 475.00 | 4.50 | $2,137.50 | Billable |
| 12/11/2024 | Malnik,Zachary Attend hearing on 363 motion and numerous emails re: same | 475.00 | 3.00 | $1,425.00 | Billable |
| 12/11/2024 | Myers,Kristen finalize 363 order | 135.00 | 0.50 | $67.50 | Billable |
| 12/12/2024 | Malnik,Zachary Calls and emails with trustee re; closing docs | 475.00 | 1.10 | $522.50 | Billable |
| 12/16/2024 | Malnik,Zachary Numerous emails and calls re: sale closing | 475.00 | 1.80 | $855.00 | Billable |
| 12/19/2024 | Myers,Kristen draft report of sale for trustee | 135.00 | 0.40 | $54.00 | Billable |
| 01/21/2025 | Myers,Kristen draft 2004 w/ ROP to Coinbase | 135.00 | 1.20 | $162.00 | Billable |

| 02/12/2025 | Myers,Kristen<br>draft motion to compel | 135.00 | 0.60 | $81.00 | Billable |
|---|---|---|---|---|---|
| 03/20/2025 | Malnik,Zachary<br>Review email from J.<br>Rezac | 475.00 | 0.20 | $95.00 | Billable |
| 03/28/2025 | Malnik,Zachary<br>Call with receiver and<br>counsel re: litigation<br>claims; conference with<br>trustee re: same | 475.00 | 0.90 | $427.50 | Billable |
| 05/04/2025 | Malnik,Zachary<br>Review Moritz document<br>production and prepare<br>for depo tomorrow | 475.00 | 1.20 | $570.00 | Billable |
| 05/05/2025 | Malnik,Zachary<br>attend depo of M. Moritz | 475.00 | 5.10 | $2,422.50 | Billable |
| | **SUBTOTAL:** | | **151.30** | | **$68,803.00** |

**B160 Fee/Employment Applications.**

| 03/10/2026 | Myers,Kristen<br>Prepare fee app | 135.00 | 1.00 | $135.00 | Billable |
|---|---|---|---|---|---|
| 03/10/2026 | Bonacquisti,Mark<br>Review fee app | 500.00 | 0.70 | $350.00 | Billable |
| | **SUBTOTAL:** | | **1.70** | | **$485.00** |
| | **For Professional Services<br>Rendered:** | | | | **$69,620.50** |

**E101 Copying**

| 04/18/2024 | Myers,Kristen<br>copies of motion for<br>turnover | 0.15 | 195.00 | $29.25 | Billable |
|---|---|---|---|---|---|

| Date | Name | | | | |
|---|---|---|---|---|---|
| 06/17/2024 | Myers,Kristen<br>copies of motion | 0.15 | 312.00 | $46.80 | Billable |
| 06/17/2024 | Myers,Kristen<br>copies of motion | 0.15 | 156.00 | $23.40 | Billable |
| 07/11/2024 | Myers,Kristen<br>copies of order to sell<br>and execute | 0.15 | 156.00 | $23.40 | Billable |
| | **SUBTOTAL:** | | | **$122.85** | |

**E108 Postage**

| Date | Name | | | | |
|---|---|---|---|---|---|
| 04/18/2024 | Myers,Kristen<br>mailed motion for<br>turnover | 0.60 | 39.00 | $23.40 | Billable |
| 04/22/2024 | Myers,Kristen<br>mailed order for turnover | 0.60 | 39.00 | $23.40 | Billable |
| 04/25/2024 | Myers,Kristen<br>mailed motion to pay | 0.60 | 39.00 | $23.40 | Billable |
| 04/25/2024 | Myers,Kristen<br>mailed order to pay | 0.60 | 39.00 | $23.40 | Billable |
| 06/17/2024 | Myers,Kristen<br>mailed motion to sell | 0.60 | 39.00 | $23.40 | Billable |
| 07/11/2024 | Myers,Kristen<br>mailed order to sell and<br>order to execute | 0.60 | 39.00 | $23.40 | Billable |
| 08/21/2024 | Myers,Kristen<br>mailed order expanding<br>scope | 0.60 | 1.00 | $26.93 | Billable |
| 11/27/2024 | Myers,Kristen<br>mailed sale motion and<br>NOH and motion to<br>shorten notice w/ copies | 0.60 | 1.00 | $152.19 | Billable |

| 01/21/2025 | Myers,Kristen<br>mailed  2004 to coinbase<br>via cert. mail | 0.60 | 1.00 | $12.28 | Billable |
|---|---|---|---|---|---|
| | **SUBTOTAL:** | | | | **$331.80** |

**E110 Other Expenses**

| 12/13/2024 | Myers,Kristen<br>Fed Ex label for short<br>sale documents | 0.00 | 1.00 | $95.20 | Billable |
|---|---|---|---|---|---|
| | **SUBTOTAL:** | | | | **$95.20** |

**E112 Court fees**

| 11/27/2024 | Myers,Kristen<br>filing fee for motion to<br>approve sale | 0.00 | 1.00 | $199.00 | Billable |
|---|---|---|---|---|---|
| | **SUBTOTAL:** | | | | **$199.00** |
| | **Total Costs:** | | | | **$748.85** |
| | **SubTotal:** | | | | **$70,369.35** |
| | **Invoice Total:** | | | | **$70,369.35** |
| | **Payments Applied to this<br>Invoice:** | | | | **$0.00** |
| | **New Invoice Bal:** | | | | **$70,369.35** |
| | **Past Due:** | | | | **$0.00** |
| | **Customer Balance:** | | | | **$70,369.35** |

| PROFESSIONAL | RATE | HOURS | AMOUNT |
|---|---|---|---|
| Bonacquisti, Mark | 500.000 | 59.00 | $29,500.00 |

| Myers, Kristen | 135.000 | 14.30 | $1,930.50 |
| Malnik, Zachary | 475.000 | 80.40 | $38,190.00 |